■ AKOS REALTY CORP., Respondent, v ELIZABETH VANDEMARK, Appellant.—Appeal from an order, Supreme Court, New York County (Myriam Altman, J.), entered on or about September 19, 1988, which, *inter alia,* granted plaintiff's motions for a preliminary injunction and for leave to amend the complaint, is dismissed as subsumed in the appeal from the order of the same court, entered on or about September 15, 1988, which, *inter alia,* characterized defendant's motion as one for reargument, implicitly granted reargument and ad-

hered to its prior decision. Said order entered September 15, 1988 is unanimously affirmed, without costs.

A fire occurred in a building owned by plaintiff. Defendant, a rent-controlled tenant in the building, was forced to move out. The Department of Housing and Community Renewal (DHCR) determined that the building had been "gutted" by the fire, that the premises were uninhabitable, and that defendant could regain possession of the apartment if the fire damage was repaired by plaintiff.

Plaintiff commenced this action seeking a declaration that it had no obligation to reconstruct the premises and reinstate defendant in possession.

In a CPLR article 78 proceeding commenced by defendant, challenging the DHCR's determination, it was decided that plaintiff had no obligation to reconstruct the premises.

When it became apparent that defendant had reoccupied the premises and had begun to make potentially dangerous electrical repairs, plaintiff moved for a preliminary injunction and for permission to amend its complaint in order to seek a permanent injunction.

Justice Altman granted the preliminary injunction based on the findings that the building was gutted and uninhabitable. Due to safety considerations defendant was enjoined from occupying the premises. In addition, plaintiff was permitted to amend its complaint.

In a subsequent motion which the court characterized as a motion to reargue, Justice Altman considered the new affidavits submitted by defendant and adhered to her prior decision.

Initially, it is noted that permission was properly granted to plaintiff to amend its complaint. Leave to amend is freely given in the absence of a showing of prejudice. (Fahey v County of Ontario, 44 NY2d 934 [1978].) Here, no new matters are raised by the amendment, only a new remedy necessitated by defendant's actions.

The Supreme Court had jurisdiction to entertain this action. While an administrative agency may have concurrent jurisdiction, the Supreme Court has general jurisdiction over all legal, equitable and statutory causes of action. There is no provision which vests the Department of Buildings with exclusive jurisdiction to determine the existence of a hazardous condition. While a petitioner must exhaust his administrative remedies once he has chosen the administrative route (see, Matter of Weissman v City of New York, 96 AD2d 454 [1st Dept 1983]), he may opt for judicial resolution of the matter from the start,

if not precluded by statute. Here, plaintiff properly applied initially and directly to the Supreme Court under its general equity power to preserve the status quo and for the prevention of a hazardous condition. In addition, as noted by the court in *Weissman (supra,* at 456): "We agree that in an emergency situation the exercise of authority by the judiciary may be appropriate." Here, a serious situation existed which threatened the safety of the building, defendant and other tenants. The court accordingly had jurisdiction to hear this action.

The Supreme Court properly granted a preliminary injunction. In light of the DHCR's prior determination, and in light of the risk presented by defendant's occupancy of the premises and the substandard electrical work performed, plaintiff demonstrated a prima facie showing of likelihood of success on the merits and that absent a preliminary injunction, irreparable injury could occur. *(Grant Co. v Srogi,* 52 NY2d 496 [1981].) Hence, a balancing of the equities indicated that an injunction should issue. *(Little India Stores v Singh,* 101 AD2d 727 [1st Dept 1984].)

Defendant has not yet been evicted from the premises. While she is enjoined from occupying the premises due to safety consideration, she cannot be evicted from the apartment until plaintiff commences a proceeding to terminate her right of possession. Consequently, there was no need to obtain a certificate of eviction before the motion for the injunction was made.

Finally, Justice Altman properly characterized the second motion by defendant as one for reargument. Upon reargument, the new affidavits submitted by defendant were factually and legally insufficient. The subsequent order granting reargument but adhering to the court's prior decision was appealable and, therefore, the appeal from the prior order was subsumed therein and should be dismissed as academic. *(Rose v Samuels,* 36 AD2d 715 [1st Dept 1971], *affd* 29 NY2d 723; *see,* 7 Weinstein-Korn-Miller, NY Civ Prac ¶ 5517.01, text at n 9.)

We have considered defendant's other claims and find them to be unpersuasive. Concur—Sullivan, J. P., Ross, Rosenberger, Kassal and Wallach, JJ.