■ TOWN OF WARRENSBURG, Respondent, v MICHAEL C. MOLLICA et al., Appellants.—Crew III, J. Appeal from an order of the Supreme Court (Dier, J.), entered August 31, 1990 in Warren County, which granted plaintiff's motion for a preliminary injunction.

Plaintiff owns a cemetery located near State Route 28 in the Town of Warrensburg, Warren County. Defendants own adjoining property over which runs an unpaved road, which for a long time has been used by plaintiff's personnel to maintain the cemetery. At some point defendants erected a chain barrier across the road with a no trespassing sign. As a result, plaintiff commenced this action seeking a judgment declaring that it had an easement to and over said road. Thereafter, plaintiff sought a preliminary order enjoining defendants from blocking the road, which Supreme Court granted, and this appeal ensued. On this appeal, defendants contend that Supreme Court abused its discretion in granting the preliminary injunction. We agree.

While the granting of a preliminary injunction lies within the sound discretion of the trial court, it must appear that (1) it is likely that the plaintiff will ultimately succeed on the merits, (2) irreparable injury will result absent the granting of the injunction, and (3) a balancing of the equities favor the plaintiff (Nassau Roofing & Sheet Metal Co. v Facilities Dev. Corp., 70 AD2d 1021). In the case at bar, it is clear that plaintiff was at liberty to "use" the road during the ensuing controversy. Its personnel merely had to remove the chain, which was unlocked, and proceed into the cemetery. Secondly, assuming that plaintiff was unable to access the cemetery, it has not demonstrated, except by unsupported conclusory allegations, that it would suffer irreparable injury. Additionally, plaintiff's likelihood of success in being granted a highway use pursuant to Highway Law § 189 or a prescriptive easement is questionable based on the record before us. Finally, defendants assert that they "blocked" the roadway because its use by all terrain vehicles endangered their young children when they were playing on their property. The "balancing of the equities" in view of these uncontroverted assertions seemingly favor defendants. For all of these reasons the preliminary relief sought by plaintiff should have been denied.

Order reversed, on the law and the facts, with costs, and motion denied. Mikoll, J. P., Yesawich, Jr., Levine, Mercure and Crew III, JJ., concur.