■ CLAIRE A. RYAN, Appellant, v ROBERT S. McLEAN et al., Respondents. (And Another Related Action.) [619 NYS2d 196] — White, J. Appeals (1) from an order of the Supreme Court (Viscardi, J.), entered July 1, 1993 in Essex County, which denied plaintiff's motion for a preliminary injunction, and (2) from an order of said court, entered March 21, 1994 in Essex County, which, upon reargument, partially granted plaintiff's motion for a preliminary injunction.

The parties own adjoining parcels of property on Schroon Lake in the Town of Schroon, Essex County. Following a nonjury trial in 1988, Supreme Court found that plaintiff has a prescriptive easement over a parking area on defendants' property that can accommodate three cars. The judgment entered on the decision did not specify the extent of the easement other than to note that the parties could enter into an agreement insuring that each had a place to park.[1] Instead of heeding Supreme Court's advice, the parties engaged in a campaign of harassment against each other that culminated in the commencement by plaintiff of this action seeking a permanent injunction restraining defendants from interfering with her use of the entire easement area. In conjunction with this action, plaintiff moved for a preliminary injunction. Thereafter, she commenced a second action for a permanent injunction and moved for a preliminary injunction enjoining defendants from, *inter alia,* interfering with her use of a common private road easement. Defendants responded by requesting Supreme Court to reform its judgment to set forth the nature, quality and extent of plaintiff's easement. Supreme Court denied plaintiff's motion for a preliminary injunction.[2] On reargument, Supreme Court granted the motion to the extent of providing that plaintiff shall have a nonexclusive right to park one registered vehicle in the easement area. Plaintiff appeals from both orders.

Initially, we shall dismiss plaintiff's appeal from Supreme Court's order denying her motion for a preliminary injunction

---

1. Supreme Court's judgment was affirmed by this Court *(see, McLean v Ryan,* 157 AD2d 928).

2. It appears that Supreme Court informally joined plaintiff's two actions.

as it was superseded by the order made upon reargument *(see, Akos Realty Corp. v Vandemark,* 157 AD2d 632, 634; *Continental Ins. Co. v Reilly,* 143 AD2d 64, 65).

Although Supreme Court granted her motion, plaintiff contends that it erred in restricting her easement to one parking spot. It is axiomatic that, to be entitled to a preliminary injunction, a movant must demonstrate, *inter alia,* a likelihood of success on the merits *(see, Town of Warrensburg v Mollica,* 171 AD2d 995). Here, while it is undisputed that plaintiff is entitled to one parking spot, the record is conflicting as to whether she is entitled to more. Thus, we conclude that Supreme Court's limitation of plaintiff's easement was proper given the dispute surrounding its extent *(see, Longfield v Ronk,* 122 AD2d 409).

Inasmuch as Supreme Court's decision states that it was granting plaintiff a preliminary injunction and that it would have to ultimately decide the extent of plaintiff's easement, its order appears to be affected by a scrivener's error insofar as it states that plaintiff's motion for a "permanent" injunction is granted. Moreover, since a permanent injunction is a final judgment, it normally may be granted only after trial *(see, Byrne Compressed Air Equip. Co. v Sperdini,* 123 AD2d 368, 369; *Grogan v Saint Bonaventure Univ.,* 91 AD2d 855, 856). Accordingly, we shall modify Supreme Court's second order by deleting the reference to permanent injunction therefrom.

Cardona, P. J., Casey and Yesawich Jr., JJ., concur. Ordered that the appeal from order entered July 1, 1993 is dismissed, without costs. Ordered that the order entered March 21, 1994 is modified, on the law, without costs, by deleting the words "and permanent" from the second decretal paragraph therein, and, as so modified, affirmed.