■ NORTHERN ADIRONDACK CENTRAL SCHOOL DISTRICT, Appellant-Respondent, v L.H. LA PLANTE COMPANY, INC., Respondent-Appellant, and FINK AND FINK, P. C., Doing Business as HA2F CONSULTANTS IN ENGINEERING, Respondent. [645 NYS2d 893] —Spain, J. Cross appeals from an order of the Supreme Court (Ryan, Jr., J.), entered April 28, 1995 in Clinton County, which (1) denied plaintiff's cross motion to, *inter alia,* dismiss the sixth affirmative defense contained in the

third amended answer of defendant L.H. La Plante Company, Inc., and (2) denied said defendant's motion for summary judgment dismissing the complaint against it.

The facts are not in dispute. In 1989 plaintiff circulated bid requests for a project at the Ellenburgh Elementary School located in the Town of Ellenburgh, Clinton County, for asbestos abatement, asbestos monitoring, air testing and replacement of the domestic hot water storage system at the school. Defendant L.H. La Plante Company, Inc. (hereinafter La Plante) was hired to perform that portion of the work which involved the removal and replacement of the hot water storage system which was located in the basement of the school. The contract between the parties contained, *inter alia*, a standard American Institute of Architects (hereinafter AIA) form, separately designated "supplementary general conditions" (hereinafter SGC) and "special conditions" (hereinafter SC). During the demolition work, an agent of La Plante used a torch to cut a hole in a vertical support pipe for the old hot water storage tank which was located in the boiler room below the gymnasium in the school. Sparks, heat and hot gases traveled up the pipe causing combustible materials in the gymnasium above the pipe to ignite; the school suffered extensive fire, smoke and water damage.

In November 1991 plaintiff commenced this action against La Plante seeking monetary damages for the loss of personal property and damage to the school. In October 1992 plaintiff commenced a separate action against defendant Fink and Fink, P. C., doing business as HA2F Consultants in Engineering (hereinafter HA2F), the general contractor hired by plaintiff. The two actions were later consolidated. La Plante served a third amended answer. Thereafter, La Plante moved for summary judgment seeking, *inter alia*, dismissal of the complaint based upon a waiver of the subrogation clause contained in the agreement between plaintiff and defendants by which plaintiff allegedly waived its right to seek damages resulting from the fire to the extent covered by insurance. HA2F joined in La Plante's motion with respect to dismissal of plaintiff's complaint. Plaintiff opposed the motion and cross-moved for an order dismissing La Plante's sixth affirmative defense in its third amended answer and for costs and sanctions. Supreme Court denied both motions on the ground that issues of fact exist regarding the existence of the waiver of subrogation. Plaintiff appeals and La Plante cross-appeals.

Initially, it is well settled that where parties rely upon a written agreement and the facts of the matter are not in

dispute, the interpretation of that agreement presents an issue of law which a court may determine on a motion for summary judgment (see, Solow Mgt. Corp. v Hochman, 191 AD2d 250, 251, lv dismissed 82 NY2d 802; Tantleff v Truscelli, 110 AD2d 240, 241, affd 69 NY2d 769; Keith v Houck, 88 AD2d 763, 764). Upon review of the entire record, we conclude that the subrogation waiver clause contained within article 11 of the standard AIA form agreement was unambiguously substituted by amendments (see, American Express Bank v Uniroyal, Inc., 164 AD2d 275, 277, lv denied 77 NY2d 807). The waiver of subrogation for certain damages, contained in the original AIA form in article 11, § 3.6, was substituted by SGC.2 (N) which states "[s]ubstitute the following for Article 11—INSURANCE" (emphasis supplied). Notably, SGN.2 (N) does not contain a subrogation waiver. In our view, the substitution is clear and unequivocal. La Plante's attempt to create an ambiguity by arguing that other provisions contained in the agreement cross-reference the original contents of article 11 is unavailing. Accordingly, we conclude that Supreme Court erred in finding that a triable issue of fact exists as to whether plaintiff waived its right to subrogation and in failing to dismiss La Plante's sixth affirmative defense in its third amended answer (see, Philadelphia Corp. v Niagara Mohawk Power Corp., 207 AD2d 176, 178; American Express Bank v Uniroyal, Inc., supra). Moreover, we agree with plaintiff that, absent the substitution of the waiver of subrogation, the damages in this matter were to property outside the scope of the "work" contemplated by the agreement, thereby giving no effect to a valid waiver of subrogation (see, S.S.D.W. Co. v Brisk Waterproofing Co., 76 NY2d 228).

Finally, we conclude that La Plante's conduct was not frivolous within the meaning of 22 NYCRR 130-1.1, in that it has not manifested the extreme behavior which courts have traditionally found to merit sanctions (see, e.g., Romeo v Romeo, 225 AD2d 753; Matter of Estate of Rosenhain, 222 AD2d 745, appeal dismissed 87 NY2d 1053; Matter of Jemzura v Mugglin, 207 AD2d 645, 646-647, appeal dismissed 84 NY2d 977; Liker v Grossman, 175 AD2d 911, 913-914, lv denied 80 NY2d 755). The mere fact that La Plante's claims may not be meritorious does not mean that the action was frivolous (see, Matter of Gerdts v State of New York, 210 AD2d 645, 649, appeal dismissed 85 NY2d 856, lv denied 85 NY2d 810). Accordingly, plaintiff's request for sanctions and costs should be denied.

White J. P., Casey, Yesawich Jr. and Peters, JJ., concur.

Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied plaintiff's cross motion to dismiss the sixth affirmative defense; cross motion granted to that extent and said affirmative defense dismissed; and, as so modified, affirmed.