■ STATE OF NEW YORK et al., Appellants, v MARC DELLA VILLA et al., Respondents. [682 NYS2d 721] —Yesawich Jr., J. Appeal from that part of an order of the Supreme Court (Lynch, J.), entered August 27, 1997 in Schenectady County, which, *inter alia*, denied plaintiffs' cross motion for permanent injunctive relief.

This lawsuit arises out of defendants' activities which plaintiffs contend constitute the operation of an unauthorized landfill. Plaintiffs seek civil penalties, as well as an order mandating the closure of the landfill in accordance with relevant Department of Environmental Conservation (hereinafter DEC) regulations.

In March 1996, defendants moved, *inter alia*, to confirm a "settlement agreement" purportedly reached by the parties, and plaintiffs cross moved for partial summary judgment as to

defendants' liability, seeking a permanent injunction (or, in the alternative, a preliminary injunction) prohibiting any further activity at the site, other than that necessary to implement an approved closure plan. Ultimately, plaintiffs were granted a preliminary injunction barring defendants from bringing any solid waste, including construction and demolition debris, to the site, and from storing, staging or depositing such waste there. In addition, defendants were directed not to conduct "any filling, grading, movement of materials or other site management activities employing or disturbing existing materials at the [s]ite", without first providing written notice to DEC, at least 48 hours in advance.

Then, in August 1997, Supreme Court issued an order which, insofar as relevant here, awarded plaintiffs summary judgment against defendants Marc Della Villa and New System Recycling, Inc. on one cause of action, and against defendant Dennis Carringi on another of the eight causes of action making up the complaint. The basis for that determination was the fact that these particular defendants had previously been convicted in Town Court for operating an illegal landfill and illegally disposing of solid waste. Plaintiffs did not, however, receive the permanent injunctive relief they sought, prompting an unsuccessful motion for reargument on that issue, as well as this appeal.

We affirm. Plaintiffs maintain that because Supreme Court's grant of partial summary judgment was founded upon criminal convictions that were, in turn, premised upon factual findings that the site in question was being used as an unpermitted landfill, they are entitled to a permanent injunction compelling defendants to, *inter alia*, submit and implement a closure plan that comports with the solid waste regulations promulgated in 1993. Insofar as ongoing activities on the site are concerned, however, the existing preliminary order provides plaintiffs with essentially the same protection they seek in a permanent injunction, and they have proffered no evidence that the preliminary order has been ineffective in preventing further violations since its entry, or that defendants have engaged in other potentially hazardous conduct not contemplated thereby. With respect to the issue of closure, it suffices to note that certain material factual questions, bearing on the nature and scope of the relief to which plaintiffs may be entitled, have yet to be resolved. Given the attendant circumstances, Supreme Court prudently refrained from issuing a permanent injunction until all of these pending issues have been decided (*cf., Ryan v McLean*, 209 AD2d 913, 914; *Byrne Compressed Air Equip. Co. v Sperdini*, 123 AD2d 368, 369).

As for defendants' suggestion that plaintiffs be sanctioned, we are not persuaded that the instant appeal—although unsuccessful—is so patently meritless as to be frivolous, within the meaning of the applicable rule (*see*, 22 NYCRR 130-1.1; *Northern Adirondack Cent. School Dist. v La Plante Co.*, 229 AD2d 764, 766), or that it was filed merely to prolong the litigation or to cause defendants to incur additional legal expenses. Accordingly, defendants' request is denied.

Mikoll, J. P., Crew III, Carpinello and Graffeo, JJ., concur. Ordered that the order is affirmed, with costs.