■ KEITH HENDRICKSON, Appellant, v SARATOGA HARNESS RACING, INC., Respondent.—Harvey, J. Appeals (1) from that part of an order of the Supreme Court (Brown, J.), entered August 30, 1989 in Saratoga County, which imposed sanctions

upon plaintiff's counsel, and (2) from an order of said court, entered November 13, 1989 in Saratoga County, which, *inter alia,* denied plaintiff's motion for a preliminary injunction.

Plaintiff is the owner and trainer of two horses that are stabled, trained and raced at Saratoga Raceway in Saratoga County, which is owned and operated by defendant. On April 20, 1989, defendant presented plaintiff with a letter purporting to bar plaintiff from entry onto defendant's property. The notice states no reason for this prohibition, although the record strongly suggests that differences of opinion between the parties prompted defendant's action. Plaintiff originally commenced an action against defendant in April 1989 by way of a summons with notice which was eventually dismissed without prejudice for failure to serve a complaint. Sanctions were imposed against plaintiff's counsel in the amount of $250, apparently for the failure to serve a timely complaint, and Supreme Court also denied plaintiff's motion for a preliminary injunction. Plaintiff appeals that part of the order imposing sanctions. The court denied plaintiff's subsequent motion for a preliminary injunction pending appeal. Plaintiff then commenced a new action alleging, among other things, breach of contract (stemming from the limitation of use of plaintiff's prepaid parking privileges and box seat) and violations of plaintiff's constitutional rights. Plaintiff again moved for a preliminary injunction in September 1989 and this motion was denied. Supreme Court also imposed a sanction against plaintiff's counsel in the amount of $250 as part of the denial of that motion. This sanction was apparently imposed for repeatedly moving for a preliminary injunction. Plaintiff appeals from this order in its entirety.

Initially, we reject plaintiff's contention that Supreme Court abused its discretion in denying plaintiff's request for a preliminary injunction. A preliminary injunction is appropriate only where the moving party sufficiently demonstrates "(1) a likelihood of success on the merits, (2) irreparable injury to him if the relief is not granted, and (3) a balancing of the equities in his favor" *(Clark v Cuomo,* 103 AD2d 244, 245, *affd* 63 NY2d 96). The purpose of this relief is to preserve the status quo until a decision is reached on the merits *(see, Tucker v Toia,* 54 AD2d 322, 325-326). Accordingly, a reviewing court must "act cautiously" when examining a motion for a preliminary injunction "lest [it] finally determine the merits" *(Clark v Cuomo, supra,* at 245; *see, Wiederspiel v Bernholz,* 163 AD2d 774).

Looking to the first prong of the test for a preliminary

injunction and applying it to the facts at bar, it appears that plaintiff has demonstrated little likelihood of success on the merits. Specifically, aside from plaintiff's cause of action alleging breach of contract, the remaining claims center around an allegedly wrongful exclusion of plaintiff from defendant's property. However, in *Arone v Sullivan County Harness Racing Assn.* (90 AD2d 137), this court ruled that the operators of a privately owned and State-licensed horse racing track could exclude any person, including horse owners and trainers, from the track grounds for any reason not related to illegal discrimination. Insofar as defendant herein is a privately owned race track of the type described in *Arone,* it was hardly unreasonable for Supreme Court to conclude that plaintiff had not demonstrated likely success on the merits of his noncontract claims.

As for the contract cause of action, we note that there is no documented proof in the record whatsoever of the existence of a contract between the parties or what its terms might be. Accordingly, the merits of this claim cannot easily be weighed. In any event, even if the contract claim was considered to be potentially successful, it has not been demonstrated to this court's satisfaction that any alleged harm caused to plaintiff by the loss of his use of parking and box seat privileges is so irreparable that money damages would not adequately compensate him for his losses based on this claim *(see, Faberge Intl. v Di Pino,* 109 AD2d 235, 240; *Multi Media Entertainment v National Telefilm Assocs.,* 58 AD2d 785). Accordingly, because plaintiff, with respect to all of his claims, has failed to establish a likelihood of success and irreparable injury, the motion was properly denied and it is unnecessary to conduct a balancing of the equities *(see, Clark v Cuomo, supra).*

With respect to Supreme Court's imposition of separate sanctions of $250 against plaintiff's attorney, however, we must reach a different conclusion. While 22 NYCRR 130-1.1 (d) authorizes the imposition of sanctions for frivolous conduct, such an award is permissible only after the sanctioned party receives a "reasonable opportunity to be heard" (22 NYCRR 130-1.1 [d]) and the court issues a written decision setting forth the conduct on which the imposition is based (22 NYCRR 130-1.2). That did not occur here. It is undisputed that no written explanations for the imposition of sanctions were issued. Further, it also appears from the record that the court imposed sanctions from the bench following oral argument without affording plaintiff's counsel an opportunity to be heard on the subject. Consequently, inasmuch as "there is no

inherent judicial power to impose sanctions for frivolous and wasteful litigation" *(Bruckner v Jaitor Apts. Co.,* 147 Misc 2d 796, 799; *see, Matter of A. G. Ship Maintenance Corp. v Lezak,* 69 NY2d 1, 6), it would be inappropriate to allow sanctions to stand in the absence of performance of the procedures called for in 22 NYCRR part 130. Because we hesitate to interfere with the discretion of trial courts, and it appears that sanctions might be warranted in this instance, we simply delete the sanctions and remit the matter to Supreme Court for further proceedings in compliance with 22 NYCRR part 130.

Orders modified, on the law, without costs, by striking the imposition of sanctions; matters remitted to the Supreme Court for further proceedings not inconsistent with this court's decision; and, as so modified, affirmed. Mahoney, P. J., Casey, Weiss, Mercure and Harvey, JJ., concur.