■ Donna C. McCue, Plaintiff, v Timothy P. McCue, Defendant. Katherine A. Fitzgerald et al., Appellants; Richard M.

---

* See, Historical Note Section 4.1 Interest Rate, McKinney's Cons Laws of NY, Book 23A, General Obligations Law § 5-501, at 185.

Hill et al., Respondents. [639 NYS2d 551] —Crew III, J.

On January 19, 1993, plaintiff commenced an action for divorce in which she also sought equitable distribution of the parties' marital property. Prior to trial, defendant's attorney, Richard M. Hill, served upon plaintiff an extensive notice to admit.[1] Plaintiff served an answer to said notice admitting a majority of the enumerated paragraphs and denying others. With regard to six of the paragraphs to which plaintiff responded by a denial or by denying sufficient information to admit or deny, she thereafter stipulated as to the facts asserted therein at trial. Additionally, plaintiff neglected to properly notice an expert witness. As a consequence, defendant's counsel moved for sanctions and costs against plaintiff's attorney, Katherine A. Fitzgerald. Supreme Court found that Fitzgerald's actions in failing to timely admit to facts contained in defendant's notice to admit and improperly noticing the expert witness amounted to frivolous conduct and awarded Hill costs in the amount of $2,000. Fitzgerald and her law firm appeal.

Initially, Fitzgerald argues that entry of the judgment from which this appeal is taken was untimely because it did not take place within 60 days of Supreme Court's decision. Inasmuch as no motion to vacate the judgment as untimely was made in Supreme Court, the issue is not properly before us. Nevertheless, were we to consider the merits of Fitzgerald's claim, we would find the entry of the judgment to have been timely. 22 NYCRR 202.48 (a) provides that where an order directs that a proposed judgment be settled or submitted on notice, it must be submitted within 60 days after the signing and filing of the decision making such direction. Here, Supreme Court's decision provided that "[t]he foregoing constitutes an order of this Court upon which judgment may be entered without further court order or direction". While the judgment here was entered more than 60 days after the filing of Supreme Court's decision, it is clear that such decision did not direct that the judgment be settled or submitted on notice, and the

---

1. The vast majority of the matters contained in the notice dealt with household furnishings and apparently was necessitated by reason of the wide disparity in the valuations provided by each party's appraiser. Indeed, at trial the parties agreed to submit to arbitration the value of those items which plaintiff denied.

time limitations contained in 22 NYCRR 202.48 (a) are therefore not applicable.

Next, Fitzgerald contends, for the first time on appeal, that defendant's notice to admit was defective in that much of the information sought was improper, it was overly burdensome, and it was served subsequent to the filing of the note of issue and certificate of readiness, thereby making it untimely. Because the alleged deficiencies in the notice to admit have been raised for the first time on appeal, they are improperly before this Court (*see generally, Knudsen v Pentzien, Inc.*, 209 AD2d 909, 910). Fitzgerald's appropriate remedy with regard to the deficiencies now complained of was a motion for a protective order pursuant to CPLR 3103 (*see, Howlan v Rosol*, 139 AD2d 799, 801).

Turning to the merits, 22 NYCRR subpart 130-1 authorizes Supreme Court, in its discretion, to impose financial sanctions or costs upon a party or his or her attorney for engaging in frivolous conduct, which is defined, in part, as conduct that is "undertaken primarily * * * to harass or maliciously injure another" (22 NYCRR 130-1.1 [c] [2]). The authority to impose sanctions or costs is committed to the court's sound discretion and, absent an abuse thereof, we will not disturb such an award (*see, Golden v Barker*, 223 AD2d 769, 770; *Vogt v Witmeyer*, 212 AD2d 1013, 1014, *lv dismissed, lv granted* 86 NY2d 819).

Paragraph No. 9 of defendant's notice to admit demanded that plaintiff admit that "[t]he value of McCue Advertising and Public Relations, Inc. [plaintiff's corporate business] was $30,000.00 as of January 20, 1993". In response, plaintiff claimed that she lacked information to form an opinion as to the truth thereof.[2] At trial, however, plaintiff stipulated to said value.

Paragraphs Nos. 15 and 16 of the notice to admit demanded that plaintiff admit that defendant's endorsement of a $10,305.75 check issued by Aetna Insurance was forged and that the proceeds were converted by plaintiff. Fitzgerald contends that the question was entirely inappropriate and that plaintiff was justified in her denials. As indicated previously, this contention is not properly before us since plaintiff failed to move for an order of protection in Supreme Court. Nevertheless, we agree that the demand was inappropriate in that it called upon plaintiff to admit to a crime, and we would agree that this provided no basis for sanctions or costs except for the

---

2. Curiously, plaintiff's own expert had valued her advertising agency at $30,000.

fact that subsequent to the demand, on March 2, 1994, Supreme Court issued an order which provided, *inter alia,* that plaintiff "shall produce all previously demanded * * * records of deposit and disposition of the insurance loss check in the amount of $10,305.75". Plaintiff never produced any such information until her cross-examination at trial, wherein she admitted receiving the check, signing defendant's signature to it and spending the proceeds.

Paragraphs Nos. 247 and 249 of the notice to admit demanded that plaintiff admit the balance due on two particular credit cards to be $5,134.90 and $2,617.60, respectively. Plaintiff did not do so, but at the time of trial stipulated as to those amounts. Paragraph No. 7 of the notice to admit demanded that plaintiff admit a balance owing on a certain purchase agreement to be $27,823.60. Plaintiff failed to admit such amount, but again stipulated to that amount at trial.

Finally, Supreme Court included, as a basis for imposing costs, Fitzgerald's failure to properly notice an expert witness. It appears that plaintiff retained James Murray to appraise the value of the marital residence, which he did, arriving at a value of $176,000. As with plaintiff's advertising business, defendant demanded in his notice to admit that plaintiff admit such value. Plaintiff denied such value. Plaintiff also had retained Robert Connelly to appraise the value of the household furnishings, which he did, and Fitzgerald thereafter noticed Connelly as plaintiff's expert but did not identify the subject matter of his testimony. At trial, Connelly was called to render expert testimony as to the value of the marital residence in contradiction of the appraisal done by Murray. Supreme Court, over Hill's objection, permitted Connelly's testimony but relied upon Fitzgerald's improper and misleading notice as a basis for the imposition of costs.

In determining whether to impose costs, Supreme Court found that Fitzgerald's actions in this regard "could only have been to harass her adversary by requiring him to prepare to prove at trial that which she knew * * * she and her client would be conceding at that time, and to gain some * * * trial advantage by calling a 'noticed' expert to give 'non-noticed' evidence". While Fitzgerald asserts that many of the actions referred to were inadvertent or unintentional and offered varying excuses for the failure to admit information and the failure to properly notice the expert, Supreme Court clearly did not credit her excuses, and it is axiomatic that we must give great weight to Supreme Court's credibility determinations. We cannot say, based upon this record, that Supreme Court abused its discretion.

We agree with Fitzgerald, however, that Supreme Court, in imposing costs, may do so only "upon a written decision setting forth * * * the reasons why the court found the amount awarded or imposed to be appropriate" (22 NYCRR 130-1.2). Supreme Court failed to set forth the reasons why it found the amount of $2,000 to be appropriate, and the matter must be remitted to Supreme Court for that purpose (see, Martino v Martino, 194 AD2d 591, 592). Fitzgerald's remaining contentions have been examined and found to be lacking in merit.

Mikoll, J. P., Mercure, White and Yesawich Jr., JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision. [As amended by unpublished order entered May 23, 1996.]