■ PPG INDUSTRIES, INC., Respondent, v A.G.P. SYSTEMS, INC., Appellant. [652 NYS2d 876] —Yesawich Jr., J. Appeal from an order of the Supreme Court (Cobb, J.), entered January 11, 1996 in Greene County, which granted plaintiff's motion for summary judgment.

On March 10, 1990, plaintiff tendered to defendant a statement of account in connection with defendant's purchase of certain goods and merchandise from plaintiff. When defendant failed to pay, plaintiff commenced this action for an account stated, seeking to recover the sum of $26,219.88. Defendant answered and counterclaimed, after which plaintiff successfully moved for summary judgment. This appeal followed.

While "[t]here can be no account stated where no account was presented or where any dispute about the account is shown to have existed" (*Abbott, Duncan & Wiener v Ragusa*, 214 AD2d 412, 413), defendant's conclusory contentions that it was not served with a copy of the account, and that it contested the price of the goods and merchandise sold, find no evidentiary support in the record. In his opposing affidavit, defendant's president merely avers that the cost of the items delivered is challenged in the answer. He does not assert that defendant was never served with the statement of account or indicate that any objection was registered with respect to the cost of the goods delivered. His incorporation of the answer—which consists of general denials without elaboration, and factual averments relevant to the counterclaims—does not remedy this defect. Although the affidavit of defendant's attorney is more specific, it is without probative value for he apparently has no personal knowledge of the pertinent facts (*see, Murray-Gardner Mgt. v Iroquois Gas Transmission Sys.*, 229 AD2d 852, 854). Accordingly, we conclude that Supreme Court properly granted plaintiff's motion (*see, Werner v Nelkin*, 206 AD2d 422, 423; *Walter, Conston, Alexander & Green v Vintage Creations*, 203 AD2d 203).

As for defendant's counterclaims—which are premised, *inter alia*, upon allegations of interference with business relations and prima facie tort—they should be severed (*cf., New York Natl. Bank v Harris*, 182 AD2d 680, 680-681; *Santoiemmo v Syracuse Paper & Twine Co.*, 52 AD2d 721, *lv denied* 39 NY2d 709). We have considered defendant's remaining contentions and find them to be without merit.

Mikoll, J. P., Crew III, White and Peters, JJ., concur. Ordered that the order is modified, on the law, without costs, by directing that defendant's counterclaims be severed from the action, and, as so modified, affirmed.