■ SCHNEIDER FUEL OIL, INC., Appellant, v PETER DE-GENNARO, Respondent. [656 NYS2d 668] —In an action to recover payment for goods sold and delivered and to recover payment on an account stated, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Rosato, J.), entered May 24, 1996, as denied its motion for summary judgment.

Ordered that the order is reversed insofar as appealed from, the plaintiff's motion for summary judgment is granted, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings.

The computer records supplied by the plaintiff were suf-

ficient to support the plaintiff's motion for summary judgment *(see, Guth Realty v Gingold,* 34 NY2d 440, 451-452; *Matter of Thomma,* 232 AD2d 422). Thus, the plaintiff met its initial burden of submitting evidentiary proof in admissible form that the defendant received and retained the plaintiff's accounts without objection and made partial payments on those accounts. The defendant failed to establish a triable issue of fact as to whether certain corporate entities were responsible for the balance due to the plaintiff. By not denying the statements made in the affidavit of the plaintiff's president in support of the plaintiff's motion for summary judgment, the defendant has admitted that all invoices and account statements issued by the plaintiff were issued in the defendant's name personally, not in those of any corporations, and that he never informed the plaintiff that the corporations were responsible for the billed amounts *(see, Kuehne & Nagel v Baiden,* 36 NY2d 539, 544). Accordingly, the plaintiff is entitled to summary judgment on its cause of action for an account stated *(see, PPG Indus. v A.G.P. Sys.,* 235 AD2d 979; *King Petroleum Prods. v Geiger,* 231 AD2d 906). Rosenblatt, J. P., Ritter, Thompson and Sullivan, JJ., concur.