■ BETTE M. HOLLOWAY, Respondent, v BRIAN D. HOLLOWAY, Appellant. [688 NYS2d 809] —Cardona, P. J. Appeal from an order of the Supreme Court (Canfield, J.), entered April 3, 1998 in Rensselaer County, which, *inter alia*, granted plaintiff's application to enforce the maintenance provisions of a judgment of divorce.

The parties were divorced by judgment dated October 20, 1997. The judgment incorporated without merger the terms of a prior stipulation of the parties under which defendant agreed, *inter alia*, to make weekly payments of maintenance to plaintiff in the amount of $200. As a result of defendant's default, plaintiff moved by order to show cause to, *inter alia*, enforce the maintenance provisions of the judgment of divorce. The parties were directed to personally appear in court on March

23, 1998. Three days prior to that return date, defendant's attorney requested an adjournment because defendant was unavailable on that date. The request was denied and defendant failed to appear as directed. Supreme Court, *inter alia*, awarded plaintiff maintenance arrears and ordered defendant to pay plaintiff counsel fees in the amount of $1,050. In addition, due to defendant's failure to appear, the court imposed sanctions upon him in the amount of $250 payable directly to plaintiff. This appeal by defendant ensued.

Defendant claims that Supreme Court erred in directing him to pay plaintiff counsel fees. Initially, we note that the parties specifically agreed that if any of the terms of the stipulation were breached, the party seeking to enforce it could recover counsel fees (*see, Haydock v Haydock*, 254 AD2d 577, 578; *cf., Healy v Healy*, 167 AD2d 687; *Clemens v Clemens*, 130 AD2d 455). Inasmuch as plaintiff sought to enforce the maintenance provisions of the stipulation, Supreme Court acted within its authority in directing defendant to pay her counsel fees. Moreover, in support of plaintiff's application, her attorney submitted an affidavit attesting to the fact that he agreed to represent plaintiff without the benefit of a retainer and to seek payment of his fees from defendant. He further averred that his hourly rate was $175 and he expended four hours in preparation of the order to show cause. When before the court, plaintiff's counsel indicated that he spent additional time appearing on the order to show cause and incurred expenses for service of process. Defendant's attorney did not contest those representations. It is further noted that this record does not indicate that there was a request for a hearing. Under the particular circumstances herein, we find no basis for disturbing the counsel fee award.

Defendant further contends that Supreme Court inappropriately imposed sanctions in the amount of $250. We note that the court is authorized to impose sanctions upon a party for frivolous conduct that is "undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another" (22 NYCRR 130-1.1 [c] [2]). However, sanctions may be awarded "only upon a written decision setting forth the conduct on which the award or imposition is based, the reasons why the court found the conduct to be frivolous, and the reasons why the court found the amount awarded or imposed to be appropriate" (22 NYCRR 130-1.2). In this case, Supreme Court's order recites that "[d]efendant shall be sanctioned for his failure to appear in [c]ourt and shall pay * * * [$250] as sanctions to * * * [p]laintiff". Since Supreme

Court did not fully explain its decision as required, we are constrained to remit (*see, e.g., McCue v McCue*, 225 AD2d 975, 979). We further note that, upon remittal, the court should direct that any award of sanctions be deposited with the clerk of the court for transmittal to the Commissioner of Taxation and Finance (*see, Martinez v New York City Tr. Auth.*, 218 AD2d 643; *see also*, 22 NYCRR 130-1.3).

Crew III, Yesawich Jr., Spain and Graffeo, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as directed defendant to pay plaintiff sanctions in the amount of $250; matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.