■ CITIBANK (SOUTH DAKOTA) N. A., Respondent, v MARY J. JONES, Appellant. ANDREW F. CAPOCCIA LAW CENTERS, L. L. C., Appellant. [708 NYS2d 517] —Carpinello, J. Appeals (1) from an order of the Supreme Court (Teresi, J.), entered March 9, 1999 in Albany County, which granted plaintiff's motion for summary judgment, and (2) from an order of said court, entered March 24, 1999 in Albany County, which imposed sanctions on defendant's counsel.

Plaintiff brought this action for breach of contract and account stated to recover $2,003.57, the claimed balance due on a Visa credit card. In her answer, defendant asserted one affirmative defense, namely, failure to state a cause of action. At issue on appeal is an order of Supreme Court which granted plaintiff summary judgment on the account stated cause of action, as well as an order of the court which sanctioned defendant's attorney for frivolous conduct under 22 NYCRR part 130. We affirm both orders.

"An account stated is an agreement between parties to an account based upon prior transactions between them with respect to the correctness of the account items and balance due" (*Jim-Mar Corp. v Aquatic Constr.*, 195 AD2d 868, 869, *lv denied* 82 NY2d 660; *see, Interman Indus. Prods. v R.S.M. Electron Power*, 37 NY2d 151, 153-154). The agreement may be implied by the retention of an account statement for an unreasonable period of time without objection (*see, Jim-Mar Corp. v Aquatic Constr., supra*, at 869). In support of summary judgment, plaintiff submitted an affidavit from one of its managers who performs collection and recovery services. She averred that in performing her duties she is "familiar with the manner and method by which [plaintiff] creates and maintains its normal-

books and records, including computer records of its credit accounts". According to this manager, plaintiff maintains, as a regular part of its business, computer records of all outstanding balances on its customers' credit accounts and it was the regular practice of plaintiff's business to send customers monthly statements detailing these balances, as well as purchases made and payments received.

Through these entries, she had "full knowledge" of the account stated which arose out of plaintiff having extended credit to defendant via the credit card which defendant used to purchase goods and services. Although defendant was sent monthly statements indicating the "full and true accounts of [her] indebtedness", an outstanding balance remained unpaid, which as of August 27, 1998 had reached nearly $2,000. The manager further averred that plaintiff's records indicated that "[d]efendant neither disputed the validity of the balance owed nor notified [p]laintiff of any claims, defenses, offsets or counterclaims whatsoever to the balance due and owing". These submissions adequately demonstrated "that 'there was an account between the parties and that a specified balance was found to be due'" (*Maines Paper & Food Serv. v Restaurant Mgt. by D.C. Corp.*, 229 AD2d 748, 750, quoting *United Consol. Indus. v Mendel's Auto Parts*, 150 AD2d 768, 769) and sufficiently made out a prima facie case of an account stated (*see, id.*; *see generally, Barclay's Bank v Smitty's Ranch*, 122 AD2d 323, 324).

In opposing plaintiff's motion for summary judgment, defendant submitted her own affidavit and that of counsel. Notably, in her affidavit, defendant did not deny that she had made purchases with the credit card. She did not deny that she had received monthly statements from plaintiff indicating purchases made, payments received and balances due. Nor did she allege that she ever once objected to any particular charge or statement of balance due. Under these circumstances, we find that Supreme Court did not err in granting plaintiff summary judgment on the account stated cause of action since defendant impliedly agreed to pay the amount indicated when she received and retained the monthly statements without objection within a reasonable period. Indeed, defendant did not object *at any time*, including in her own affidavit in opposition to plaintiff's motion for summary judgment (*see generally, Schneider Fuel Oil v DeGennaro*, 238 AD2d 495, 496; *PPG Indus. v A.G.P. Sys.*, 235 AD2d 979; *Fink, Weinberger, Fredman,*

*Berman & Lowell v Petrides*, 80 AD2d 781, *appeal dismissed* 53 NY2d 1028).[1]

Turning next to the propriety of Supreme Court's decision to sanction defense counsel, we first find no procedural infirmities in the order. In addition to submitting a written response to the issue of sanctions, counsel was given two opportunities to appear before Supreme Court to address the issue (*see,* 22 NYCRR 130-1.1 [d]). Thus, a reasonable opportunity to be heard was given (*see, id.*). Moreover, the court issued a detailed written decision outlining the factors it considered in finding frivolous conduct (*see,* 22 NYCRR 130-1.2).

From a substantive standpoint, we perceive no abuse of discretion in Supreme Court's decision to impose sanctions for frivolous conduct (*see,* 22 NYCRR 130-1.1 [a]). Conduct is frivolous if it is completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law; if it is undertaken primarily to delay or prolong the resolution of litigation or to harass or maliciously injure another; or if it constitutes the assertion of material factual statements that are false (*see,* 22 NYCRR 130-1.1 [c] [1]-[3]). In determining whether the conduct undertaken was frivolous, a court shall consider "the circumstances under which the conduct took place, including the time available for investigating the legal or factual basis of the conduct, and whether or not the conduct was continued when its lack of legal or factual basis was apparent, should have been apparent, or was brought to the attention of counsel" (22 NYCRR 130-1.1 [c]).

Upon review of the papers submitted in opposition to plaintiff's motion for summary judgment, as well as papers submitted by counsel in similar cases which have been included in this record, there is no indication that counsel actually read plaintiff's papers before opposing summary judgment or personally discussed the case with defendant to determine whether any credible defense to the account stated cause of action could be asserted. In fact, the contrary has been established. Although plaintiff's manager clearly averred that monthly statements were mailed to defendant—not an insignificant point in an account stated cause of action—both defendant and counsel accuse plaintiff of failing to allege that monthly statements were mailed.

---

1. To the extent that defendant and her attorney each aver that plaintiff failed to present specific evidence that monthly statements were mailed to her, we reiterate that plaintiff's manager *did* specifically so aver. Thus, Supreme Court's conclusion that defendant never actually read plaintiff's papers before opposing summary judgment is clearly fair comment.

Moreover, although the complaint itself, the manager's affidavit and a copy of defendant's August 27, 1998 statement each clearly reveal that plaintiff is seeking to recover $1,970.53, plus interest—again, not an insignificant point—defendant frivolously avers that plaintiff failed to show that she owed any money. Additionally, the affidavit of counsel contains allegations that plaintiff failed to comply with the disclosure requirements of the Federal Truth in Lending Act, a defense not pleaded in the answer. However, defendant herself, who had received the credit card at least four years before commencement of this action, never alleged that she did not receive or understand all material terms of the credit card agreement.[2] Thus, the allegations of counsel accusing plaintiff of violating Federal law were patently inapplicable to this case and without merit.

In finding that counsel's conduct was frivolous under 22 NYCRR 130-1.1 (c) (1), (2) and (3), Supreme Court not only carefully detailed the meritless nature and/or false aspects of the papers submitted, but also took into consideration the numerous decisions of other Justices and Judges throughout the State of which it was aware wherein counsel was admonished and/or sanctioned in similar consumer collection cases for asserting similar "canned" and meritless submissions and defenses without fully investigating whether a factual basis existed to warrant same. Indeed, the court noted that the instant case was "simply another in counsel['s] * * * barrage of meritless submissions and constitute[s] nothing more than a strategy to delay litigation, by filing false, misleading affidavits and pleadings and to harass opposing counsel". Given the evidence of frivolous conduct in this particular case, as well as the evidence supporting Supreme Court's finding that "[t]his is not an isolated instance of the conduct committed", we find no basis to disturb Supreme Court's award of sanctions.

The parties' remaining contentions, to the extent not discussed, have been reviewed and rejected.

Cardona, P. J., Mercure, Graffeo and Mugglin, JJ., concur. Ordered that the orders are affirmed, with costs.

---

2. Since no allegations of improper disclosure were made by defendant herself, we need not, and do not, reach the related issue of whether such a claim would have been barred by a one-year Statute of Limitations in any event.