■ CITIBANK (SOUTH DAKOTA) N. A., Respondent, v MARY JANE COUGHLIN, Defendant. ANDREW F. CAPOCCIA LAW CENTERS, L. L. C., Appellant. [710 NYS2d 705] —Mercure, J. Appeal from an order of the Supreme Court (Kavanagh, J.), entered August 17, 1999 in Ulster County, which imposed sanctions against defendant's counsel.

Plaintiff commenced this action to recover the $4,245 balance due on defendant's credit card account with plaintiff, plus accrued interest. The complaint alleges causes of action for breach of the credit agreement and an account stated. An answer containing general denials and asserting an affirmative defense of failure to state a cause of action and notices for interrogatories and for production of documents were served on defendant's behalf by Andrew F. Capoccia Law Centers, L. L. C. (hereinafter Capoccia). Plaintiff thereafter moved for summary judgment on the cause of action for an account stated. Plaintiff supported its motion with an affidavit of one of its managers who stated that her examination of records maintained by plaintiff in the ordinary course of its business showed that defendant had been mailed monthly statements of her account and that defendant neither paid the balance of her account nor interposed any objections to any of the charges. Plaintiff also submitted a copy of the current statement of defendant's account.

Defendant opposed the motion and cross-moved for summary judgment dismissing the complaint. Peter Mulcahy, managing attorney for Capoccia, submitted an affirmation attacking the failure of plaintiff's manager to allege her personal knowledge of any aspect of the case, to proffer the foundational requirements for business records under CPLR 4518 or to itemize the specific transactions comprising plaintiff's claim. He also argued that summary judgment should be denied based upon

plaintiff's failure to establish its compliance with the Federal Truth in Lending Act (15 USC § 1601 *et seq.*) or General Business Law article 29A or to produce the full contract between plaintiff and defendant, the monthly statements of defendant's account or competent evidence that the statements were sent to defendant. Defendant also submitted her own affidavit stating that she never received the October 7, 1998 statement of account that plaintiff had submitted and otherwise attacking plaintiff's evidentiary showing in support of its summary judgment motion. In a reply affirmation, plaintiff sought to have sanctions imposed against defendant and Capoccia based upon their assertedly frivolous opposition to the motion.

Supreme Court granted plaintiff's summary judgment motion* and scheduled a hearing on the issue of sanctions. Following the hearing conducted on two days in July 1999, Supreme Court issued an order imposing a $5,000 sanction against Capoccia and its principal, Andrew F. Capoccia, sanctioning Mulcahy in the amount of $1,500 and awarding plaintiff $278.75 in counsel fees. Capoccia appeals.

We affirm. Pursuant to 22 NYCRR part 130, a court may, in its discretion, award costs or impose sanctions for frivolous conduct in any civil action or proceeding (22 NYCRR 130-1.1 [a]; *see, Matter of Ashley v Delarm*, 234 AD2d 736; *McCue v McCue*, 225 AD2d 975, 977). As relevant to the facts of this case, conduct may be characterized as frivolous if "it is completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law" or "is undertaken primarily to delay or prolong the resolution of the litigation" (22 NYCRR 130-1.1 [c] [1], [2]). Sanctions may be imposed only upon a written decision setting forth the conduct on which the award is based and the reasons why the court found the conduct to be frivolous and the amount of the award to be appropriate (*see,* 22 NYCRR 130-1.2; *Citibank [S. Dakota] v Jones*, 272 AD2d 815; *Holloway v Holloway*, 260 AD2d 898, 899; *McCue v McCue, supra,* at 979). An award of sanctions will not be disturbed absent an abuse of discretion (*see, McCue v McCue, supra,* at 977).

We conclude that the evidence presented by plaintiff satisfied its initial burden on the summary judgment motion (*see, Citibank [S. Dakota] v Jones, supra,* at 518-519) and the papers submitted in opposition to the motion had absolutely no basis in law or fact. Defendant having pleaded no valid affirmative defenses (*see, Dubois v Vanderwalker*, 245 AD2d 758, 760

---

* The order granting summary judgment in favor of plaintiff is not at issue here.

[defense of failure to state a cause of action is at most " 'harmless surplusage' "]), plaintiff had no obligation to come forward with evidence of its compliance with the Federal Truth in Lending Act or General Business Law article 29A (*see*, *Citibank [S. Dakota] v Jones*, *supra*, at 520). Further, as in numerous other consumer credit actions defended by Capoccia, the opposing affirmation and affidavit set forth obviously "canned" and nonresponsive allegations, and it does not appear that counsel even read the papers submitted on the motion. For instance, precisely as in *Citibank (S. Dakota) v Jones* (*supra*), Mulcahy and defendant each assert that plaintiff failed to indicate that it sent monthly statements to defendant notwithstanding the sworn statement of plaintiff's manager that plaintiff had rendered "monthly, full and true accounts of the indebtedness owing by the [d]efendant." In addition, as correctly observed by Supreme Court, the papers submitted in the present case were precisely the same as those submitted by Capoccia on a prior case in which it was sanctioned for submitting nonresponsive papers.

In view of the foregoing and given defendant's complete failure to address the actual merits of the action by controverting plaintiff's proffer of evidence that she made the credit purchases reflected in plaintiff's accounts, received accurate monthly statements of her account and failed to pay the sum due or timely object to the statements, we conclude that Supreme Court did not abuse its discretion in imposing the subject sanctions (*see*, *Citibank [S. Dakota] v Jones*, *supra*; *Gache v Town / Village of Harrison*, 251 AD2d 624, 625; *Murray v National Broadcasting Co.*, 217 AD2d 651, 653; *Liker v Grossman*, 175 AD2d 911, 913-914, *lv denied* 80 NY2d 755). Capoccia's additional contentions have been considered and found to be unavailing.

Cardona, P. J., Peters, Carpinello and Graffeo, JJ., concur. Ordered that the order is affirmed, with costs.