■ HOUSEHOLD BANK REGION I, Plaintiff, v JUSTINE A. STICKLES et al., Defendants. ANDREW F. CAPOCCIA LAW CENTERS, L. L. C., Appellant. [714 NYS2d 564] —Graffeo, J. Appeal from an order and judgment of the Supreme Court (Ceresia, Jr., J.), entered June 21, 1999 in Rensselaer County, which, *inter alia*, imposed sanctions on defendants' counsel.

Plaintiff commenced this action for breach of contract and account stated arising from defendants' failure to pay the balance due on a credit card account. Defendants, represented by Sung Park, an associate of Andrew F. Capoccia Law Centers, L. L. C. (hereinafter Capoccia), generally denied the allegations in the complaint and raised certain affirmative defenses,

including that plaintiff failed to comply with Federal Truth in Lending Act requirements (*see*, 15 USC § 1601 *et seq.*). Plaintiff moved to strike defendants' answer and for summary judgment, with counsel fees and costs, and sought the imposition of sanctions against Capoccia. On behalf of defendants, Capoccia opposed the motion and asserted that sanctions were not warranted. Supreme Court granted plaintiff summary judgment and imposed sanctions in the amount of $500 each against Capoccia and Park. On behalf of both itself and Park, Capoccia now appeals from that part of the order which imposed sanctions.

A court is empowered under 22 NYCRR part 130 to impose sanctions for frivolous conduct on the part of a litigant or attorney in a civil action and such a determination will not be disturbed absent a clear abuse of discretion (*see*, 22 NYCRR 130-1.1 [a]; *McCue v McCue*, 225 AD2d 975, 977). Conduct may be deemed frivolous if it is without legal merit or is unsupported by a reasonable argument, undertaken to unduly prolong litigation or to harass or injure another, or involves material false statements (*see*, 22 NYCRR 130-1.1 [c]). The party sanctioned must be provided a reasonable opportunity to be heard on the issue (*see*, 22 NYCRR 130-1.1 [d]) and a sanction order must be supported by "a written decision setting forth the conduct on which the award is based and the reasons why the court found the conduct to be frivolous and the amount of the award to be appropriate" (*Citibank [South Dakota] v Coughlin*, 274 AD2d 658, 659; *see*, 22 NYCRR 130-1.2; *Citibank [South Dakota] v Jones*, 272 AD2d 815, 817, *lv denied* 95 NY2d 764; *Holloway v Holloway*, 260 AD2d 898, 899; *McCue v McCue, supra*, at 979).

In this case, as plaintiff made an express request for sanctions in the motion to strike and for summary judgment, Capoccia received sufficient notice that such relief would be considered and was provided an opportunity to be heard on the issue (*see*, *Citibank [South Dakota] v Jones, supra*, at 817; *Matter of Stoltz v Stoltz*, 257 AD2d 719, 721, n; *Grasso v Mathew*, 187 AD2d 758). Indeed, Capoccia did not request oral argument or a hearing, but instead submitted papers in opposition to plaintiff's motion, including a memorandum which addressed the issue of sanctions. Accordingly, we reject Capoccia's contention that reversal is warranted on procedural grounds.

Moreover, we find no abuse of discretion in Supreme Court's determination that Capoccia engaged in frivolous conduct (*see*, *Citibank [South Dakota] v Coughlin, supra*; *Citibank [South*

*Dakota] v Jones, supra).* Supreme Court based its decision to impose sanctions on Capoccia's failure to "raise any meaningful issues in connection with [the] defense," observing that Capoccia asserted arguments which had little bearing on the central issues presented in this consumer debt collection case, i.e., whether the debtor "obtain[ed] credit through use of the credit card" or "was genuinely deceived or misled in some fashion by the credit card issuer."

Upon review of the record, we find that plaintiff came forward with specific allegations that defendants made charges under a credit agreement, that monthly statements specifying those charges were forwarded to defendants and defendants never objected to the charges, and that defendants failed to pay the balance due on the account—allegations central to the resolution of plaintiff's causes of action (*see, Citibank [South Dakota] v Jones, supra,* at 816-817). Because Capoccia's submissions on behalf of defendants in opposition to the motion fail to address these material facts, we cannot say Supreme Court erred in finding that its conduct "was undertaken and continued primarily to delay or prolong the resolution of the litigation," and we therefore decline to disturb the order of sanctions.

Cardona, P. J., Peters, Carpinello and Mugglin, JJ., concur. Ordered that the order and judgment is affirmed, without costs.