■ CITIBANK (SOUTH DAKOTA), N. A., Respondent, v ANTONIO ALOTTA, Defendant. ANDREW F. CAPOCCIA LAW CENTERS, L. L. C., Appellant. [715 NYS2d 530] —Mugglin, J. Appeal from an order of the Supreme Court (Hughes, J.), entered June 3, 1999

in Schoharie County, which granted plaintiff's motion for sanctions against defendant's counsel.

Seeking to recover $5,071.86, plaintiff instituted this action alleging causes of action for breach of contract and an account stated. Defendant through her attorney, Andrew F. Capoccia Law Centers, L. L. C. (hereinafter Capoccia), interposed an answer to the complaint containing general denials and affirmative defenses that the complaint failed to state a cause of action and that plaintiff did not properly acquire personal jurisdiction over defendant.

Prior to responding to discovery demands served by defendant, plaintiff moved for summary judgment on the cause of action in its complaint alleging an account stated. Defendant opposed the motion for summary judgment asserting that plaintiff failed to establish a prima facie entitlement to judgment and cross-moved for summary judgment dismissing the complaint. By way of reply, plaintiff opposed defendant's motion for summary judgment and cross-moved for the imposition of sanctions, alleging that defendant's affidavit was misleading and contained misrepresentations. Supreme Court granted plaintiff's motion for summary judgment and scheduled a hearing with respect to plaintiff's cross motion for the imposition of sanctions. Capoccia submitted written opposition to the application for sanctions, arguing that the defenses interposed by defendant to plaintiff's claim were meritorious. Following the sanction hearing, at which neither party offered testimony, Supreme Court awarded costs to plaintiff and imposed sanctions of $250 upon Capoccia, concluding that defendant's affidavit prepared and submitted by Capoccia was "specious and misleading." Capoccia now appeals the imposition of sanctions.

Pursuant to the Rules of the Chief Administrator of the Courts (see, 22 NYCRR part 130), a court has discretion in both actions and proceedings to award to any party or attorney costs in the form of reimbursement for actual expenses reasonably incurred, and reasonable counsel fees resulting from frivolous conduct or may impose financial sanctions for such conduct. Conduct within an action or proceeding may be described as frivolous if, inter alia, "it is completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law" (22 NYCRR 130-1.1 [c] [1]) or "is undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another" (22 NYCRR 130-1.1 [c] [2]).

In considering whether specific conduct of a party or an attorney is frivolous, a court is required to examine, inter alia,

"whether or not the conduct was continued when its lack of legal or factual basis was apparent [or] should have been apparent" (22 NYCRR 130-1.1 [c]). Here, Capoccia contends that Supreme Court's imposition of financial sanctions was improper since defendant's affidavit was not specious or misleading and that inadequate notice of the subject of the sanction hearing was provided. We find no merit to any of the contentions made here by Capoccia and, accordingly, affirm Supreme Court's order. Sanctions may be imposed "either upon motion in compliance with CPLR 2214 or 2215 or upon the court's own initiative, after reasonable opportunity to be heard" (22 NYCRR 130-1.1 [d]). Not only did Capoccia have notice that plaintiff sought the imposition of sanctions by virtue of its cross motion in opposition to defendant's cross motion for summary judgment, but, in addition, upon oral argument of the summary judgment motions, Supreme Court set a specific date for the sanction hearing. Under these circumstances, Capoccia's assertion that it did not have notice of the hearing and an adequate opportunity to defend is completely baseless.

Turning to the substantive determination of Supreme Court that defendant's affidavit in opposition to plaintiff's motion for summary judgment was frivolous because it was factually unsupported and misleading as to defendant's receipt of plaintiff's statement of account, we find no abuse of discretion. The written decision issued by Supreme Court adequately sets forth the conduct upon which the award is based, the rationale supporting the court's ultimate conclusion that the conduct involved was frivolous, and support for the amount awarded as being appropriate (*see*, 22 NYCRR 130-1.2; *Holloway v Holloway*, 260 AD2d 898, 899).

Our review of the record makes it readily apparent that defendant's factual averments in opposition to the affidavit of plaintiff's manager, in an affidavit prepared by Capoccia, were intentionally designed to create the illusion that defendant did not receive statements of account as alleged by plaintiff, thus rendering plaintiff's cause of action for account stated infirm. The affidavit of plaintiff's manager specifically alleged that plaintiff had sent defendant monthly statements of indebtedness and a copy of the final account to which defendant failed to raise any objection. Similar contentions made by other Capoccia clients in opposition to other motions for summary judgment based on account stated have also been found to be misleading, sufficient to warrant the imposition of sanctions (*see*, *Citibank [S. D.] v Jones*, 272 AD2d 815, *lv denied* 95 NY2d 764). We find no basis to disturb Supreme Court's award of sanctions or the amount thereof.

Cardona, P. J., Carpinello, Graffeo and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.