■ PROVIDIAN NATIONAL BANK, Respondent, v GREGORY A. FORRESTER, Defendant. ANDREW F. CAPOCCIA LAW CENTERS, L. L. C., Appellant. [716 NYS2d 112] —Peters, J. Appeal from an order of the Supreme Court (Rumsey, J.), entered June 24, 1999 in Cortland County, which imposed sanctions against defendant's attorney.

Plaintiff brought this action alleging a breach of a credit card agreement and account stated. Defendant, represented by Andrew F. Capoccia Law Centers, L. L. C. (hereinafter Capoccia), answered with general denials and affirmative defenses asserting that the complaint failed to state a cause of action, the credit card agreement was unconscionable, and that plaintiff failed to comply with Personal Property Law article 10. Defendant also counterclaimed that plaintiff failed to comply with the Truth in Lending Act (15 USC § 1601 *et seq.* [hereinafter TILA]) and with General Obligations Law § 5-702. Plaintiff asserted in reply that the TILA claim was barred by the Statute of Limitations and that the cited provisions of the General Obligations Law were inapplicable.

After limited discovery, plaintiff moved for summary judgment and an order dismissing the counterclaims, with prejudice, for a failure to state a cause of action. Plaintiff proffered documentary evidence that defendant opened and maintained an account, receiving the relevant agreement and account statements with no dispute. Defendant opposed by contending that plaintiff failed to sustain its burden on the claim and failed to make the required TILA disclosures. In its reply, plaintiff noted that since defendant never disputed the debt, sanctions should be imposed for propounding perjurous papers intended to harass it and delay the litigation. It also included decisions from other courts on similar cases involving Capoccia to demonstrate its prior knowledge that the proffer of these defenses were found to be without legal merit. Notably, defendant pursued only one of the four affirmative defenses raised in the answer along with only one of the two counterclaims.

Supreme Court rendered a decision and order granting sum-

mary judgment. Therein, it addressed plaintiff's request for sanctions which was made for the first time in plaintiff's reply papers. It allotted 15 days from the entry of the decision on the motion for summary judgment for the submission of written argument, along with documentary evidence, to address the issue. Capoccia did not respond. Thereafter, the request for sanctions was granted in a separate order. Capoccia only appeals from the order imposing sanctions.

Pursuant to 22 NYCRR part 130, a court may, in its discretion, award costs or impose sanctions for frivolous conduct in any civil action or proceeding. Such determination shall not be disturbed absent an abuse of discretion (*see, Matter of Ashley v Delarm*, 234 AD2d 736; *McCue v McCue*, 225 AD2d 975). Conduct will be considered frivolous if:

"(1) it is completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law;

"(2) it is undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another; or

"(3) it asserts material factual statements that are false" (22 NYCRR 130-1.1 [c]; *see, Citibank [S. D.] v Jones*, 272 AD2d 815, 817, *lv denied* 95 NY2d 764; *Mountain Lion Baseball v Gaiman*, 263 AD2d 636, 639). In pursuit of such inquiry, a court is required to consider numerous factors which include, *inter alia*, "whether or not the conduct was continued when its lack of legal or factual basis was apparent, should have been apparent, or was brought to the attention of counsel" (22 NYCRR 130-1.1 [c]). After providing a reasonable opportunity to be heard on the issue (*see*, 22 NYCRR 130-1.1 [d]; *cf., Household Fin. Corp. III v Dynan*, 274 AD2d 656; *Hendrickson v Saratoga Harness Racing*, 170 AD2d 719), the court must issue a written decision setting forth the conduct upon which the award is based, the reasons why the court found the conduct to be frivolous and the reasons supporting the propriety of the amount (*see*, 22 NYCRR 130-1.2; *Citibank [S. D.] v Jones, supra*, at 817; *Holloway v Holloway*, 260 AD2d 898, 899; *cf., Hendrickson v Saratoga Harness Racing, supra*).

We find no procedural infirmity in the record. Capoccia was advised of Supreme Court's intention to consider the issue of sanctions and was given ample opportunity to submit evidence or otherwise respond in opposition thereto, despite the absence of a formal evidentiary hearing (*see, Matter of Marsh*, 207 AD2d 749; *Matter of Gordon v Marrone*, 202 AD2d 104, 111, *lv denied*

84 NY2d 813; *see also*, 22 NYCRR 130-1.1 [d]). As to the court's compliance with the mandates of 22 NYCRR 130-1.2 with respect to the issued decision, we find no error (*see*, 22 NYCRR 130-1.2; *cf., Holloway v Holloway, supra; McCue v McCue, supra; Hendrickson v Saratoga Harness Racing, supra*).

Upon our substantive review of the determination, the record demonstrates that Capoccia had unsuccessfully raised the same or similar defenses and counterclaims in numerous previous cases and had been sanctioned for such conduct (*see, Citibank [S. D.] v Jones, supra*). Supreme Court's conclusion that the defenses and counterclaims were raised merely for delay is supported by defendant's admissions to entering into the credit card agreement, receiving the account statements without objection and counsel's abandonment of the majority of these defenses and counterclaims when faced with a motion for summary judgment.* In concluding that the conduct constitutes a wasting of judicial resources and impinges upon the proper administration of our court system (*see, Matter of Gordon v Marrone*, 202 AD2d 104, 111, *supra*), we reject any further contention that the award impermissibly infringes upon Capoccia's 1st Amendment right of access.

Notwithstanding our imprimatur of the court's imposition of sanctions, we find no basis to award sanctions for pursuing this appeal (*see, Matter of Garett YY.*, 258 AD2d 702, 704; *State of New York v Della Villa*, 257 AD2d 740, 742; *Matter of Thompson [S.L.T. Ready-Mix]*, 245 AD2d 911, 913-914). Accordingly, we affirm.

Mercure, J. P., Spain, Carpinello and Graffeo, JJ., concur. Ordered that the order is affirmed, with costs.

---

* Notably, no appeal was taken from the order granting the motion for summary judgment.