■ PROVIDIAN NATIONAL BANK, Respondent, v GEOFFREY ROUSELLE, Defendant. ANDREW F. CAPOCCIA LAW CENTERS, L. L. C., Appellant. [719 NYS2d 304] —Rose, J. Appeal from an order of the Supreme Court (Teresi, J.), entered December 16, 1999 in Albany County, which, *inter alia*, imposed sanctions against defendant's counsel.

Plaintiff commenced this breach of contract action to recover sums allegedly owed by defendant under a credit card agreement. Defendant, represented by Andrew F. Capoccia Law Centers, L. L. C. (hereinafter Capoccia), served an answer generally denying the allegations of the complaint, raising various affirmative defenses and asserting a counterclaim. After plaintiff replied to the counterclaim, the parties stipulated to withdrawal of defendant's affirmative defenses and counterclaim. Plaintiff then moved for summary judgment on the ground of an account stated. Defendant opposed the motion arguing that, *inter alia*, plaintiff's submissions were insufficient and the credit card agreement was unconscionable. Plaintiff's reply included a request for sanctions on the ground that, *inter alia*, defendant's opposition to its motion was completely without merit. Supreme Court granted plaintiff's motion for summary judgment, found that defendant's conduct and arguments were frivolous and devoid of merit, and imposed a sanction of $2,500 against Capoccia. Capoccia now appeals.

For the reasons set forth in our recent decision in *Household Fin. Corp. III v Dynan* (274 AD2d 656), we reverse. As in that case, the issue of sanctions was first raised here in plaintiff's

reply to defendant's opposition to its motion, and the record does not support the conclusion that Capoccia was thereafter afforded an opportunity to be heard as required by 22 NYCRR 130-1.1 (d) (*see, id.*).

Citing the Second Department's ruling in *Matter of Gordon v Marrone* (202 AD2d 104, *lv denied* 84 NY2d 813), Supreme Court decided that a hearing was unnecessary given the warnings and sanctions it had issued to Capoccia for similar conduct in prior cases. In *Matter of Gordon v Marrone* (*supra*), the requirement of a hearing was dispensed with because sanctions were sought in the initial answering pleading and the accused party responded in papers submitted in support of his motion for reargument. Here, in contrast, the request for sanctions was made only in plaintiff's reply papers and Capoccia had no opportunity to respond. In addition, it is significant here that defendant stipulated to withdraw the offending defenses and counterclaim before plaintiff's motion was made. The previous warnings and sanctions cited by Supreme Court may be considered in determining whether Capoccia's conduct, in initially raising defenses and arguments which were rejected in several prior cases, was frivolous (*see, Citibank [S. D.] v Jones*, 272 AD2d 815, 817, *lv denied* 95 NY2d 764). However, it was error to presume that any justification, excuse or explanation that Capoccia might offer in this case would be as meritless as those presented previously. We also note that Supreme Court did not set forth the reason why the amount of the sanction was appropriate in this case (*see,* 22 NYCRR 130-1.2; *see also, Holloway v Holloway*, 260 AD2d 898, 899; *McCue v McCue*, 225 AD2d 975, 979).

Mercure, J. P., Peters, Carpinello and Mugglin, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as imposed sanctions against Andrew F. Capoccia Law Centers, L. L. C.; matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.