CITIBANK (SOUTH DAKOTA) N. A., Respondent, v MICHAEL J. OUSTERMAN, Defendant. ANDREW F. CAPOCCIA LAW CENTERS, L. L. C., Appellant. [719 NYS2d 378] —Spain, J. Appeal from an order of the Supreme Court (Cobb, J.), entered December 9, 1999 in Columbia County, which, *inter alia*, imposed sanctions against defendant's counsel.

Plaintiff commenced this action against defendant to recover the sum of $8,479.98 allegedly owed under the terms of a credit card agreement. Defendant, represented by Andrew F. Capoccia Law Centers, L. L. C. (hereinafter Capoccia), served an answer generally denying the allegations of the complaint and asserting affirmative defenses and various discovery demands. Prior to responding to these demands, plaintiff moved for summary judgment based on an account stated. Defendant opposed the motion and cross-moved for summary judgment dismissing the complaint. Plaintiff opposed defendant's cross motion and requested the imposition of sanctions. Supreme Court awarded summary judgment in favor of plaintiff and, finding that defendant's cross motion was clearly frivolous, imposed sanctions upon Capoccia in the amount of $250. Capoccia appeals only the award of sanctions.

Initially, we reject Capoccia's assertion that its due process rights were violated because it did not receive proper notice of and was denied an opportunity to be heard prior to the imposition of sanctions. To the contrary, the notice requirements of 22 NYCRR part 130 were satisfied by plaintiff's express request for sanctions in its response to defendant's cross motion (*see, First Deposit Natl. Bank v Van Allen*, 277 AD2d 858; *Citibank [S. Dakota] v Alotta*, 277 AD2d 547). Likewise, we find that Capoccia was provided with ample opportunity to be heard on the motion for sanctions.

The facts presented in *Household Fin. Corp. III v Dynan* (274 AD2d 656) are materially distinguishable in that the request for sanctions there was first raised in the reply affidavit of plaintiff's counsel submitted in response to defendant's submissions in opposition to plaintiff's motion for summary judgment, to which Capoccia did not have an opportunity to reply. Here, the request was contained in plaintiff's papers submitted in opposition to defendant's cross motion for summary judgment and Capoccia declined the opportunity to be heard by failing to submit any response thereto (*cf.*, *Citibank [S. Dakota] v Alotta, supra*). Capoccia's assertion that it should have been afforded a hearing on the sanction issue is unpersuasive inasmuch as plaintiff's "express request for the imposition of sanctions * * * furnished [Capoccia] with adequate notice that such relief would be considered and rendered a formal hearing unnecessary" (*Matter of Minister of Refm. Prot. Dutch Church v 198 Broadway*, 76 NY2d 411, 413, n; *see*, *First Deposit Natl. Bank v Van Allen, supra*; *Matter of Stoltz v Stoltz*, 257 AD2d 719, 721, n).

We do agree, however, with Capoccia's assertion that Supreme Court failed to set forth the reasons why it found the amount of $250 to be appropriate, and the matter must be remitted to Supreme Court for that purpose (*see*, 22 NYCRR 130-1.2; *McCue v McCue*, 225 AD2d 975, 979; *see also*, *Matter of Rose BB.*, 262 AD2d 805, 807, *appeal and lv dismissed* 93 NY2d 1039).

Capoccia's additional contentions, including his challenge that Supreme Court otherwise failed to comply with 22 NYCRR part 130, have been examined and found to be unavailing.

Cardona, P. J., Peters, Mugglin and Lahtinen, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as imposed sanctions in the amount of $250 against Andrew F. Capoccia Law Centers, L. L. C.; matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.