Pilatich v Town of New Baltimore (2019 NY Slip Op 02399)





Pilatich v Town of New Baltimore


2019 NY Slip Op 02399


Decided on March 28, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 28, 2019

526467

[*1]STEPHEN A. PILATICH, Appellant,
v
TOWN OF NEW BALTIMORE et al., Respondents.

Calendar Date: February 15, 2019

Before: Egan Jr., J.P., Clark, Mulvey, Devine and Aarons, JJ.


David E. Woodin, LLC, Catskill (David E. Woodin of counsel), for appellant.
Bailey, Johnson & Peck, PC, Albany (Crystal R. Peck of counsel), for Town of New Baltimore and another, respondents.
Paul B. Sherr, Nassau, for William M. Hamilton and another, respondents.



MEMORANDUM AND ORDER
Devine, J.
Appeal from a judgment of the Supreme Court (Fisher, J.), entered March 21, 2018 in Greene County, upon a decision of the court, among other things, in favor of defendants William M. Hamilton and Donna R. Hamilton.
The facts of this case are set forth in our prior decisions (133 AD3d 1143 [2015]; 100 AD3d 1248 [2012]). To recap, plaintiff owns a farmstead on Jennings Road in the Town of New Baltimore, Greene County. Defendants William M. Hamilton and Donna R. Hamilton own residential property across the road, while defendant Town of New Baltimore and its highway superintendent, defendant Denis Jordan (hereinafter collectively referred to as the town defendants), maintain the road. Plaintiff asserted, as is relevant here, private nuisance claims against all defendants and a trespass claim against the town defendants. After we twice reversed orders granting motions for summary judgment made by various defendants (133 AD3d at 1145-1146; 100 AD3d at 1248-1250), the matter proceeded to a bench trial at which the town defendants unambiguously admitted to liability as to the claims against them. Supreme Court thereafter issued a decision in which it cogently analyzed the proof, dismissed the private nuisance claim against the Hamiltons and awarded plaintiff nominal damages of $1 for his claims against the town defendants. Supreme Court further directed plaintiff to reimburse the Hamiltons for costs and reasonable counsel fees of $57,990.85 incurred as a result of his frivolous conduct in this action, as well as to cease his interference in the efforts of the town defendants to maintain the road. Plaintiff appeals from the judgment entered thereon.
This Court independently reviews the proof presented at a nonjury trial while affording deference to the trial court's assessments of credibility, then grants the judgment warranted by the evidence (see Petti v Town of Lexington, 163 AD3d 1370, 1371 [2018]; M & M Country Store, Inc. v Kelly, 159 AD3d 1102, 1103 [2018]). Our review has left us with no reason to disturb Supreme Court's judgment insofar as it resolved plaintiff's claims.
A private nuisance claim "may be 'established by proof of intentional action or inaction that substantially and unreasonably interferes with other people's use and enjoyment of [plaintiff's] property'" (133 AD3d at 1145, quoting Nemeth v K—Tooling, 100 AD3d 1271, 1272 [2012]; accord O'Connor v Shultz, 166 AD3d 1104, 1104 [2018]; see Copart Indus. v Consolidated Edison Co. of N.Y., 41 NY2d 564, 570 [1977]). Plaintiff's nuisance claim against the Hamiltons relates to their installation of a stone wall and metal pipes on their property that purportedly prevents large vehicles from using his driveway. The trial proof revealed that the Hamiltons had no aim in installing the wall and pipes beyond the reasonable one of preventing the problem of vehicles trespassing onto and damaging their land, although they did maintain the wall and pipes after learning of plaintiff's complaints of impaired driveway access (see Higgins v Village of Orchard Park, 277 AD2d 989, 990 [2000]; Restatement [Second] of Torts § 825 comment d). Supreme Court nevertheless credited proof that the wall and pipes replaced a preexisting fence on the Hamiltons' property and that they have had no impact upon the variations in the precise location of the road over time. Further, in assessing the degree of interference those features have had upon plaintiff's property use (see Restatement [Second] of Torts § 827), Supreme Court credited testimony that access to plaintiff's driveway has always been challenging due to its location and the configuration of the road, that large vehicles can still use the driveway with difficulty, and that it is within plaintiff's power to adjust the driveway entrance to make access easier. We defer to Supreme Court's assessments of credibility and find that the Hamiltons' efforts to protect their property, although "annoying and disagreeable" to plaintiff, do not constitute a substantial and unreasonable interference with the use and enjoyment of his land (McCarty v Natural Carbonic Gas Co., 189 NY 40, 50 [1907]; see Nemeth v K-Tooling, 100 AD3d at 1272-1273; Ward v City of New York, 15 AD3d 392, 393 [2005]).
The only other contention of plaintiff worth discussing is the propriety of Supreme Court's award of costs and counsel fees to the Hamiltons. Supreme Court recited in its written decision that it advised the parties of its willingness to make an award of counsel fees and costs arising from frivolous conduct following trial, and the Hamiltons gave adequate notice of their intent to seek sanctions in their posttrial submissions (see Shields v Carbone, 99 AD3d 1100, 1101-1102 [2012]; Citibank [S.D.] v Ousterman, 279 AD2d 886, 886 [2001]). Plaintiff alleged in his complaint and argued at trial that the installation of the wall and posts had encroached upon the road and caused it to drift toward his property, prevented large vehicles from using his driveway and impaired the sight distance of vehicles entering or leaving it. Supreme Court found that plaintiff was or should have been aware that all of these assertions were without merit by the time of trial, as they were undercut or contradicted by the testimony of his own surveyor and engineer. Supreme Court also cited what it found to be false testimony from plaintiff regarding his role in building the wall and posts on the Hamiltons' property, as well as his failure to even attempt to substantiate claims of lost profits flowing from defendants' conduct. "An application for sanctions is addressed to the court's discretion" and, in view of the foregoing, an award of costs and reasonable counsel fees may well be appropriate (Matter of Czajka v Dellehunt, 125 AD3d 1177, 1184 [2015]; see CPLR 8303-a [a], [c] [i], [ii]; 22 NYCRR 130-1.1 [c]; He v Realty USA, 150 AD3d 1418, 1419-1420 [2017], lv denied 30 NY3d 905 [2017]). That said, the record does not contain a response from plaintiff to the Hamiltons' request for sanctions, plaintiff represents that he was not afforded an opportunity to respond and, beyond that problem, the minimal papers submitted by the Hamiltons were inadequate to establish the proper amount of costs and reasonable counsel fees. Thus, we remit so that plaintiff may have the "reasonable opportunity to be heard" to which he is entitled and the Hamiltons may come forward with sufficient proof as to their claimed costs and fees (22 NYCRR 130-1.1 [d]; see Providian Natl. Bank v Rouselle, 278 AD2d 782, 783 [2000]; cf. Neroni v Follender, 137 AD3d 1336, 1339 [2016], appeal dismissed 27 NY3d 1147 [2016]).
Plaintiff's remaining challenges, including his demands for further relief from the town defendants, are either unpreserved or devoid of merit. We decline the Hamiltons' invitation to sanction plaintiff for taking this appeal.
Egan Jr., J.P., Clark, Mulvey and Aarons, JJ., concur.
ORDERED that the judgment is modified, on the law, without costs, by reversing so much thereof as imposed sanctions against plaintiff; matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.