■ SHIRLEY TETENS, Plaintiff, v ELSTON REALTY CORPORATION, Defendant and Third-Party Plaintiff-Respondent, and ADIRONDACK TRANSIT LINES, INC., Third-Party Defendant. H. J. DUFFNEY TRUCKING, Third-Party Defendant-Appellant. — Kane, J. Appeal from an order of the Supreme Court at Special Term (Ford, J.), entered January 20, 1984 in Montgomery County, which, *inter alia,* denied third-party defendant H. J. Duffney Trucking's motion to dismiss the third-party complaint against it and, in the alternative, for summary judgment.[*]

Initially, we note that defendant has attached certain papers to its brief that were not included in the record on appeal. Since these papers were not in the certified record on appeal, we may not consider them (*see Mulligan v Lackey,* 33 AD2d 991, 992).

---

[*] Third-party defendant H. J. Duffney Trucking also moved to dismiss plaintiff's complaint against it. There is nothing in the record, however, to indicate that plaintiff asserted a cause of action against H. J. Duffney Trucking. Accordingly, on the present record, there is nothing to review with respect to this issue.

Plaintiff commenced the instant action in February 1980 seeking to recover for an injury she sustained on January 19, 1979, when she allegedly fell at property owned and maintained by defendant. Issue was joined and subsequently, on or about March 28, 1983, defendant, *inter alia,* commenced a third-party action for indemnification and contribution against third-party defendant H. J. Duffney Trucking (Duffney). The third-party action was based upon the assertion that at the time of plaintiff's accident, Duffney was in charge of snow removal for the parking lot where plaintiff's fall occurred.

After Duffney answered and examinations before trial were conducted, Duffney, in pertinent part, moved to dismiss the third-party complaint and, in the alternative, for summary judgment. Special Term, without a written decision, denied this motion and the instant appeal ensued.

Duffney first argues that the third-party complaint should be dismissed as it is barred by the Statute of Limitations. This argument is without merit as a contribution claim such as this does not accrue at the time of the commission of the tort, but rather at the time of payment of the underlying claim (*Blum v Good Humor Corp.,* 57 AD2d 911; Siegel, NY Prac § 35, at 36; § 162, at 203-204 [1978]). We also find no merit to Duffney's assertion that the third-party action is barred by laches.

Duffney next contends that Special Term erred in not granting it summary judgment. We agree. A review of the record reveals that defendant has failed to set forth any evidentiary proof that indicates that Duffney caused or contributed to plaintiff's accident. The order must, therefore, be reversed and Duffney's motion for summary judgment granted (*see, Lerner Stores Corp. v Parklane Hosiery Co.,* 54 AD2d 1072).

Order reversed, on the law, without costs, motion for summary judgment granted, and third-party complaint dismissed against third-party defendant H. J. Duffney Trucking. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.

◼ LEONARD W. KROUNER, Appellant, v RICHARD T. AULISI et al., Respondents. — Casey, J. Appeal from an order of the Supreme Court at Special Term (Hughes, J.), entered September 18, 1984 in Albany County, which denied plaintiff's motion for summary judgment and dismissed plaintiff's second and sixth causes of action.

Plaintiff, an attorney, seeks to recover the fees for legal research and writing on two separate projects which he performed at the requests of the individual defendants, also attorneys. The second and sixth causes of action seek recovery of the