■ UNITED CONSOLIDATED INDUSTRIES, Appellant, v MENDEL'S AUTO PARTS, INC., Respondent.—In an action to recover the balance allegedly due for goods sold and delivered, the plaintiff appeals, as limited by its brief, from so much of an order and judgment (one paper) of the Supreme Court, Westchester County (Charde, J.H.O.), entered January 4, 1988, which, after a nonjury trial, (1) granted the defendant's motion to dismiss the complaint for failure to make out a prima facie case, (2) is in favor of the defendant and against it in the principal sum of $15,500 upon the defendant's first counterclaim for breach of an agreement to exchange automobile carburetors, and (3) is in favor of the defendant and against it in the principal sum of $3,700 upon its second counterclaim for breach of a contract of sale of two trucks.

Ordered that the order and judgment is affirmed insofar as appealed from, with costs.

We find that the court properly dismissed the plaintiff's cause of action for $9,484.62 for goods sold and delivered. The only evidence proffered by the plaintiff at trial were four

checks with face amounts totaling $8,563.62 which had been returned for insufficient funds. However, the defendant's president testified that he believed that all four checks had subsequently been replaced, and a check in the amount of $5,700.68, the exact amount of one of the dishonored checks, was introduced into evidence. Moreover, the plaintiff's northern regional manager not only had no knowledge as to how the figure of $9,484.62 was arrived at, but he also had no knowledge of for what each of the four checks was in payment. Indeed, the plaintiff failed to produce any invoices or other business records which would have shed light on the transactions. Thus, the plaintiff failed to meet its burden of proof as to the identity of the goods sold and delivered and as to the amounts owing on the open account *(see, Crocker Commercial Servs. v Safdie,* 111 AD2d 34).

In addition, the plaintiff's contention that it had established a prima facie case of an account stated is equally without merit. The plaintiff failed to show that there was an account between the parties and that a specified balance was found to be due *(see,* 1 NY Jur 2d, Accounts and Accounting, § 24, at 176).

With respect to the defendant's first counterclaim, the record does not support the plaintiff's assertion that the parties' agreement to exchange automobile carburetors was contingent upon the approval of a third party, the Holley Carburetor Company. Further, the plaintiff's reliance upon UCC 2-615 to excuse its performance under the agreement is equally unavailing. Finally, the uncontroverted testimony of the defendant's president, who the trial court ruled was an expert based on his 48 years of experience in the automotive parts industry, was sufficient to sustain the award under the second counterclaim. Bracken, J. P., Sullivan, Balletta and Rosenblatt, JJ., concur.