■ AQUA DREDGE, INC., Respondent, v STONY POINT MARINA AND YACHT CLUB, INC. et al., Defendants, and AARK CONSTRUCTION CORPORATION, Appellant.—Mercure, J. Appeal (transferred to this court by order of the Appellate Division,

Second Department) from a judgment of the Supreme Court (Meehan, J.), entered October 19, 1990 in Rockland County, upon a decision of the court in favor of plaintiff against defendant AARK Construction Corporation.

Plaintiff and defendant AARK Construction Corporation (hereinafter defendant) entered into a written contract under the terms of which plaintiff was to dredge material from the bottom of the Hudson River in connection with the development of the area as a marina. Compensation was fixed at $250 per hour of operation in pumping, moving pipelines or equipment related to dredging, or servicing the dredging plant. The contract also provided for a maximum or "upset" price of $75,000 for the area described as "Phase I" and $60,000 for "Phase II", and stated that in the event the cost computed on an hourly basis was less than the upset price, the parties would share the savings equally. Plaintiff began its dredging operations on December 22, 1988 and worked continually until March 3, 1989, when defendant directed that it discontinue operations due to lack of funds. Plaintiff subsequently commenced this action to recover for defendant's breach of the contract. The matter ultimately came on for a nonjury trial, following which Supreme Court rendered judgment in favor of plaintiff in the amount of $105,724, together with interest from April 3, 1989. Defendant appeals, challenging only Supreme Court's award of damages.

Had plaintiff been permitted to complete the contract, computation of its damages would have been an easy matter. The total number of hours expended on the project would be multiplied by $250, and the product (hereinafter the hourly price) would be compared to the total upset price. If the hourly price was equal to or exceeded the upset price, then the upset price would be paid. If the hourly price was less than the upset price, then plaintiff would be paid the hourly price plus one half of the difference between the upset price and the hourly price, to permit an equal sharing of the savings. However, with the contract only partially completed, Supreme Court was faced with the difficult task of prorating the upset price to the work actually performed.

Determining that plaintiff's invoices furnished the most credible evidence on the issue *(see, Dobert Constr. Corp. v Holser Excavating,* 36 AD2d 1002, 1003), a finding which the record amply supports, Supreme Court first considered plaintiff's February 8, 1989 invoice for the period December 28, 1988 to January 31, 1989, which showed that plaintiff had expended 228 hours of work and completed approximately

45% of Phase I, Phase II and another area designated "Alternate 1", computed by volume of materials removed. Next, Supreme Court considered plaintiff's March 3, 1989 invoice, which charged for an additional 136 hours of work to the time of the stoppage. Although the latter invoice did not state the approximate percentage of the project which had been completed, Supreme Court imputed an additional 26.8%, based upon the rate of progress reflected in the first invoice. At this point, Supreme Court was able to determine that plaintiff had expended 364 hours of work and had completed 71.8% of the project. Multiplying the hours expended by $250 produces a $91,000 hourly price, and multiplying the $135,000 upset price for Phases I and II by 71.8% produces a prorated upset price of $96,930. The difference between the hourly price and the prorated upset price is $5,930; one half of that figure is $2,965,* which, added to the hourly price, generates a damage figure of $93,965. In addition, Supreme Court awarded both lost profits of $8,614* on the balance of the job, based upon testimony that 20% of plaintiff's hourly rate constituted profit, and $1,475 to partially compensate for the cost of specialized equipment which plaintiff had fabricated for the project and which was never used.

The contention that plaintiff failed to come forward with prima facie evidence of damages is primarily based upon the fundamentally erroneous premise that plaintiff's damages may be established only by evidence of the actual volume of fill removed from the river bottom. To the contrary, because the contract provided for compensation on the basis of the hours of work performed, subject only to the upset price, there was no reason for plaintiff to have measured or maintained a record of the volume of material removed. We also disagree with defendant's reliance upon the contract's provision that monthly requisitions be paid on the basis of the percentage of work satisfactorily completed. The mode of submitting invoices and calculating intermediate payments became irrelevant at the time of defendant's breach of the contract, when plaintiff became entitled to immediate payment for the work that had been performed and lost profits on the balance of the job (see, 36 NY Jur 2d, Damages, § 47, at 80-81).

In our view, Supreme Court made the best of a very difficult situation and formulated an award of damages which reason-

---

* Supreme Court made mathematical errors in two of its computations. The cumulative effect of arriving at a quotient of $2,985 instead of $2,965 and at a product of $8,614 instead of $7,614 was a $1,020 overstatement of damages. Supreme Court's judgment must be modified accordingly.

ably compensated plaintiff for its loss. In computing damages for breach of contract, mathematical certainty is rarely attained or even expected. "A person violating his contract should not be permitted entirely to escape liability because the amount of the damages which he has caused is uncertain" *(Wakeman v Wheeler & Wilson Mfg. Co.,* 101 NY 205, 209). Here, the uncertainty in damages was caused by defendant's repudiation of the contract. Further, Supreme Court's determination of the percentage of work performed by plaintiff, most zealously attacked by defendant, was calculated for defendant's sole benefit, to permit application of the prorated upset price. Finally, our review of the record does not support defendant's contention that Supreme Court was biased against it. To the contrary, Supreme Court quite properly rejected defendant's incredible proof and favored that presented by plaintiff.

We have examined defendant's remaining contentions and find them to be without merit.

Mikoll, J. P., Yesawich Jr., Crew III and Casey, JJ., concur. Ordered that the judgment is modified, on the law, with costs to plaintiff, by reducing the award of damages to $104,704, together with interest from April 3, 1989, and, as so modified, affirmed.