■ ED JACOBOWITZ, Respondent, v MONTANO SPECIALTY AUTO et al., Appellants.—Mercure, J. Appeal from a judgment of the Supreme Court (Simone, Jr., J.), entered July 8, 1991 in Fulton County, upon a verdict rendered in favor of plaintiff.

Defendants appeal a jury's award of $12,800 to plaintiff for defendants' breach of an oral agreement to perform restoration work on plaintiff's blue 1959 Cadillac convertible.* Plaintiff testified that defendants, through their employee William Barry, agreed to restore the body of the vehicle and perform mechanical repairs necessary to make the vehicle a "decent driver" for an estimated $10,000, exclusive of the cost of necessary parts. After paying defendants $11,935, at which time the vehicle was largely disassembled and only partially restored, plaintiff removed the vehicle from defendants' premises. Plaintiff thereafter expended an additional $4,000 to have a body shop complete the work, although not to "restoration" quality and standards, and $5,000 for a "parts car" necessitated by defendants' failure to return all of the original parts when plaintiff's vehicle was taken from defendants' premises. Plaintiff also testified that the vehicle would have been worth

---

* In their brief, defendants do not challenge a further award of $5,000 for negligent damage to plaintiff's black 1959 Cadillac convertible.

$30,000 to $35,000 if restored in accordance with his contract with defendants but was worth only $15,000 as completed by the body shop. Essentially, the defense was that no agreement had been made to do the work for a fixed price. Rather, the $10,000 figure was a mere estimate, which proved unrealistic once the car was dismantled, and the work was intended to be, and in fact was, billed on a time and materials basis.

Initially, we reject the contention that Supreme Court erred in refusing to dismiss the complaint or, at the very least, to charge the jury on the basis of defendants' alleged proof of an account stated. We first note that the defense was not pleaded and no trial motion was made to amend the answer or to conform it to the proof so as to assert the defense (see, CPLR 3025 [b], [c]). Further, because plaintiff promptly objected to the first statement which brought the total balance beyond the $10,000 contract price, the proof did not establish an account stated in any event (see, Kelley Drye & Warren v Baran, 163 AD2d 205, lv denied 76 NY2d 710; Krouner v Aulisi, 108 AD2d 982; 1 NY Jur 2d, Accounts and Accounting, §§ 10-12, 19, at 162-165, 170-171). Next, we reject the contention that plaintiff was only entitled to recover the difference between the $10,000 contract price and the amount which plaintiff actually paid to have the work performed. As noted, the proof supported a finding that plaintiff expended an additional $5,000 for a parts car and that his vehicle was diminished in value by $15,000 to $20,000 as a result of defendants' breach. Considering that the proof of damages need not be mathematically precise (see, Aqua Dredge v Stony Point Marina & Yacht Club, 183 AD2d 1055), the award of damages was not improper.

We have considered defendants' remaining contentions and conclude that they are either unpreserved for appellate review or without merit.

Mikoll, J. P., Yesawich Jr., Levine and Harvey, JJ., concur. Ordered that the judgment is affirmed, with costs.