■ HARRY GREEN, Appellant, v HARRIS BEACH & WILCOX, Respondent. [609 NYS2d 505] —Order unanimously reversed on the law with costs, motion denied and complaint reinstated. Memorandum: Defendant's counterclaim for legal services provided in connection with plaintiff's divorce does not meet the requirement of CPLR 3016 (f) to "set forth and number * * * the items of [its] claim and the reasonable value or agreed price of each." The degree of specificity required by the statute is satisfied if the opposing party is able "to respond in a meaningful way on an item-by-item basis" *(Teal, Becker &*

*Chiaramonte CPAs v Sutton,* 197 AD2d 768; *see also, Innis, Pearce & Co. v G. H. Poppenberg, Inc.,* 213 App Div 789). Defendant's itemization of the charges fails to meet that standard. It is undisputed that plaintiff paid over $11,500 on his account, yet the second counterclaim lists all charges on the account and does not identify the unpaid items. Because defendant failed to specify which items were paid for, the counterclaim "did not trigger a duty on the part of [plaintiff] to specifically dispute each item" *(B & C Smith v Lake Placid 1980 Olympic Games,* 84 AD2d 544). Supreme Court erred, therefore, in granting defendant's motion for summary judgment on the second counterclaim and in dismissing plaintiff's complaint on the ground that plaintiff's reply to the counterclaim is deficient under CPLR 3016 (f).

We further conclude that, because of the nature of his defense, plaintiff was not required to provide an item-by-item reply to the counterclaim. When a party's defense "goes to the entirety of the parties' dealings rather than to the individual contents of the account, specific denials addressed to the account's items are not required" (Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3016:9, at 72, citing *Guth Co. v Gurland,* 246 App Div 67).

Finally, summary judgment should have been denied because plaintiff's affidavit opposing defendant's motion raises questions of fact concerning the reasonable value of the services provided by defendant *(see, Cibro Petroleum Prods. v East Schodack Fuel & Contr. Corp.,* 135 AD2d 947, 949; *Krouner v Aulisi,* 108 AD2d 982; *Belcher Co. v Etzkowitz,* 90 AD2d 783). (Appeal from Order of Supreme Court, Ontario County, Sirkin, J.—Attorney's Fees.) Present—Green, J. P., Balio, Lawton, Doerr and Boehm, JJ.