■ MAINES PAPER & FOOD SERVICE, INC., Appellant, v RESTAURANT MANAGEMENT BY D.C. CORPORATION, Doing Busi-

ness as TONY ROMA's, et al., Respondents, et al., Defendant. [646 NYS2d 388] —Mikoll, J. P. Appeal from that part of an order of the Supreme Court (Coutant, J.), entered July 25, 1995 in Broome County, which partially denied plaintiff's motion for summary judgment.

Plaintiff commenced this action to recover damages in the sum of $410,500.19 for goods allegedly sold and delivered to defendant Restaurant Management by D.C. Corporation, doing business as Tony Roma's (hereinafter RM). Plaintiff alleges that between November 10, 1994 and January 21, 1995, plaintiff sold and delivered goods to RM at five of its restaurants as follows: (1) Howard Beach restaurant in the sum of $75,694.86, (2) Kew Gardens restaurant in the sum of $75,750.92, (3) Valley Stream restaurant in the sum of $48,451.55, (4) Bayside restaurant in the sum of $81,324.78, and (5) Brooklyn restaurant in the sum of $40,224.79. Plaintiff also alleged that between November 17, 1994 and January 24, 1995 plaintiff sold and delivered goods to defendant 784 South Central Park Associates, Inc. (hereinafter Associates) in the sum of $83,947.13. In each of the causes of action against these five restaurants, plaintiff also set forth a corresponding cause of action for an account stated. Plaintiff also alleged that based on personal guarantees, the individual defendants, Joseph De Candia, Sr., Joseph De Candia, Jr. and Clara C. De Candia, were personally liable for the goods sold and delivered to RM and were personally liable for the obligations of Associates.*

Defendants denied the allegations of the complaint, denied that an account stated was properly alleged and specifically disputed and denied the scheduled items, that is, their delivery, the alleged agreed price and the reasonable value of each item.

Plaintiff moved for summary judgment on April 25, 1995, after issue was joined, seeking to strike defendants' affirmative defenses. Supreme Court granted partial summary judgment against Associates and its corporate guarantor, De Candia, Jr., but denied summary judgment as to all other causes of action against RM, De Candia, Sr. and his wife. Plaintiff appeals from the order partially denying its motion for summary judgment.

Plaintiff alleges that defendants' failure to comply with CPLR 3016 (f) warrants summary judgment in plaintiff's favor. Plaintiff contends that in merely generally denying plaintiff's particularized schedules of goods sold and delivered, defendants failed to raise an issue of fact entitling plaintiff to summary judgment.

---

* The application by Joseph De Candia, Jr. references the Scarsdale store. During oral argument defendants conceded that summary judgment against Associates and De Candia, Jr. was proper.

Normally, a general denial will not result in the finding of a viable issue of fact as to the items specifically set out (*see, Duban v Platt*, 23 AD2d 660, *affd* 17 NY2d 526; *see also*, CPLR 3016 [f]). Here, however, defendants' denial goes to the entirety of the dealings between the parties rather than to the individual contents of the accounts stated. In such instance, specific denials are not required (*see*, Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3016:9, at 72). In denying ownership of the stores, by denying that they ordered the goods and by contending that delivery was to another entity other than RM, defendants properly raised a question of fact requiring resolution by trial (*see, Hartz Mtn. Corp. v Allow Distribs.*, 173 AD2d 440, *lv denied* 79 NY2d 752).

The proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, offering sufficient evidence to demonstrate the absence of any material issue of fact (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 321). Should there be a failure to make such a showing, it is not entitled to summary judgment.

The record indicates that the goods were delivered directly to the affiliated stores. No proof was presented, documentary or otherwise, that RM was actually purchasing the goods or placed orders for them. Thus, the issue of who ordered and accepted the subject goods remains one for resolution by the trier of fact. Supreme Court thus properly denied summary judgment.

As to the account stated causes of action, a prima facie case must show that "there was an account between the parties and that a specified balance was found to be due" (*United Consol. Indus. v Mendel's Auto Parts*, 150 AD2d 768, 769; *see*, 1 NY Jur 2d, Accounts and Accounting, § 24, at 176). The instant accounts, on their face, list five separate restaurants rather than RM as purchaser. The issue remains unresolved as to whether an account stated exists between plaintiff and these defendants or the individual stores. Summary judgment was properly denied on these causes of action as well.

Plaintiff urges that credit applications signed by the three De Candias, dated March 29, 1993, August 18, 1993 and May 13, 1994, establish that the debt incurred by the five separately owned and operated restaurants was guaranteed by the individual defendants. We disagree. The application signed by De Candia, Sr. and his wife fails to state a delivery address, nor does it specify quantities and prices for goods sold or ordered by RM. The application signed by De Candia, Jr. sets forth a delivery address to the Scarsdale store only. This agreement

cannot be construed to extend to the other franchises. A material issue remains as to the coverage of the two remaining and executed credit applications. Supreme Court thus properly denied the motion for summary judgment as it has not been established as a matter of law that RM ordered or purchased the goods sent to the five separately owned stores.

Mercure, Crew III, White and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, with costs.