In an action, inter alia, to recover damages for breach of contract, the defendant appeals from a judgment of the Supreme Court, Nassau County (Cozzens, J.), entered November 9, 2001, which, upon a jury verdict in favor of the plaintiffs and upon an *337 order of the same court entered March 23, 2001, denying its motion, inter alia, to set aside the jury verdict pursuant to CPLR 4404 (a), is in favor of the plaintiffs and against it in the principal sum of $423,000.
Ordered that the judgment is modified, on the law, by (1) deleting the provision thereof which is in favor of the plaintiffs and against the defendant in the principal sum of $423,000 and substituting therefor a provision which is in favor of the plaintiff Outokumpu Copper USA, Inc., and against the defendant in the principal sum of $5,300.37, and (2) adding thereto a provision dismissing the complaint insofar as asserted by the plaintiff Outokumpu Copper Rolled Products AB; as so modified, the judgment is affirmed, with costs to the defendant, those branches of the motion which were to set aside the jury verdict pursuant to CPLR 4404 (a) and to dismiss the complaint insofar as asserted by the plaintiff Outokumpu Copper Rolled Products AB are granted, the order entered March 23, 2001, is modified accordingly, and the matter is remitted to the Supreme Court, Nassau County, for the entry of an appropriate amended judgment.
The plaintiffs commenced this action to recover moneys allegedly owed by the defendant for the purchase of quantities of metal. However, the sole competent, admissible evidence proffered by the plaintiffs at the trial was testimony concerning two invoices with balances due totaling $5,300.37 owed to the plaintiff Outokumpu Copper USA, Inc. The lack of competent, admissible proof was due, among other reasons, to the fact that the plaintiffs, as the result of a failure to comply with disclosure, were precluded from introducing into evidence certain business records maintained in Sweden, or testimony concerning the same (see Neuman Distribs. v Falak Pharm. Corp., 289 AD2d 310 [2001]; United Consol. Indus, v Mendel’s Auto Parts, 150 AD2d 768 [1989]). Thus, with the exception of the evidence as to the $5,300.37 owed to Outokumpu Copper USA, Inc., the plaintiffs completely failed to meet their burden of proof as to damages (see Cohen v Hallmark Cards, 45 NY2d 493, 499 [1978]; Nicastro v Park, 113 AD2d 129 [1985]). Ritter, J.P, Luciano, Cozier and Rivera, JJ., concur.