■ EPSTEIN, LEVINSOHN, BODINE, HURWITZ & WEINSTEIN, LLP, Appellant, v SHAKEDOWN RECORDS, LTD., et al., Respondents. [777 NYS2d 633]—

Order, Supreme Court, New York County (Louis B. York, J.), entered November 22, 2002, which denied, without prejudice to renew upon proper papers, plaintiff's motion for summary judgment, unanimously affirmed, with costs. Appeal from order, same court and Justice, entered April 30, 2003, which denied reargument, unanimously dismissed, without costs, as taken from a nonappealable order.

Attorney Levinsohn signed the complaint verification and executed the supporting affidavit on the summary judgment motion in his capacity as a partner in the plaintiff firm, as well as in his professional capacity. Notwithstanding defendants' failure to oppose the initial motion, it was still incumbent on plaintiff to make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence in admissible form to eliminate any material issues of fact (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]). Although it appears that the invoices sent to "Eight Ball Records" were retained without objection and that partial payments were made, plaintiff did not name either corporate defendant in these invoices, and issues of fact exist as to which defendant, if any, was responsible for those invoices (*see e.g. Maines Paper & Food Serv. v Restaurant Mgt. by D.C. Corp.*, 229 AD2d 748 [1996]). Nor did plaintiff establish entitlement to judgment on its conclusory claims against individual defendant Kaplan based on breach of oral contract or alter ego liability. Neither the invoices nor the schedule in the verified complaint met the requirement of CPLR 3016 (f). The degree of specificity required by the statute is satisfied when the opposing party is able to respond in a meaningful way on an item-by-item basis. While plaintiff gives a running balance showing the date of the bill, the period ended, the new charges, the unpaid balance and the amount due, there is no specification of the services rendered or how the charges were computed. Because of these deficiencies, plaintiff did not trigger a duty on defendants' part to dispute each item specifically. In any event, because the nature of Kaplan's defense was that he had no oral agreement with plaintiff and was not responsible for the invoices sent to Eight Ball Records, his gen-

eral denial was sufficient (*see Green v Harris Beach & Wilcox*, 202 AD2d 993 [1994]). Concur—Nardelli, J.P., Saxe, Williams, Friedman and Sweeny, JJ.