# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

425

CA 12-01965

PRESENT: SCUDDER, P.J., PERADOTTO, LINDLEY, VALENTINO, AND MARTOCHE, JJ.

---

ANDERSON & ANDERSON, LLP-GUANGZHOU,
PLAINTIFF-APPELLANT,

V                                                    MEMORANDUM AND ORDER

INCREDIBLE INVESTMENTS LIMITED, SHMUEL SHMUELI
AND DAVID HO, DEFENDANTS-RESPONDENTS.

---

ANDERSON & ANDERSON, LLP, NEW YORK CITY (DAVID C. BUXBAUM OF COUNSEL),
FOR PLAINTIFF-APPELLANT.

---

Appeal from an amended order of the Supreme Court, Niagara County (Richard C. Kloch, Sr., A.J.), entered February 16, 2012. The amended order, among other things, denied that part of plaintiff's motion seeking partial summary judgment.

It is hereby ORDERED that the amended order so appealed from is unanimously modified on the law by granting that part of plaintiff's motion seeking to dismiss the affirmative defenses of lack of personal jurisdiction based on improper service of process and as modified the amended order is affirmed without costs.

Memorandum: Plaintiff law firm commenced this action seeking recovery of $57,047.75 for unpaid legal services provided to defendants. The complaint asserts causes of action for breach of contract, quantum meruit, an account stated, and unjust enrichment. Following joinder of issue, plaintiff moved for summary judgment dismissing the affirmative defenses raised by defendants in their respective answers and for "partial" summary judgment on its account stated cause of action. We agree with plaintiff that Supreme Court should have granted that part of plaintiff's motion with respect to the affirmative defenses of lack of personal jurisdiction based on improper service of process. We therefore modify the amended order accordingly. Because defendants failed to move to dismiss the complaint against them on that ground within 60 days after serving their respective answers, which set forth objections to service (*see* CPLR 3211 [e]), they thereby waived those objections (*see JP Morgan Chase Bank v Munoz*, 85 AD3d 1124, 1126-1127; *Garcea v Battista*, 53 AD3d 1068, 1070; *Woleben v Sutaria*, 34 AD3d 1295, 1296). As plaintiff further contends, defendants did not demonstrate the requisite "undue hardship" to justify an extension of defendants' time for moving to dismiss the action on the ground of improper service (CPLR 3211 [e]; *see Woleben*, 34 AD3d at 1296; *B.N. Realty Assoc. v Lichtenstein*, 21 AD3d 793, 796).

We further conclude, however, that the court properly denied that part of plaintiff's motion seeking summary judgment on the account stated cause of action. " 'An account stated is an agreement between parties to an account based upon prior transactions between them with respect to the correctness of the account items and balance due' " (*Erdman Anthony & Assoc. v Barkstrom*, 298 AD2d 981, 981; *see Sisters of Charity Hosp. of Buffalo v Riley*, 231 AD2d 272, 282). Here, even assuming, arguendo, that plaintiff met its initial burden of establishing its entitlement to judgment as a matter of law with respect to that cause of action, we conclude that defendants raised an issue of fact sufficient to defeat that part of the motion (*see Erdman Anthony & Assoc.*, 298 AD2d at 982). In opposition to the motion, defendants submitted evidence that raised an issue of fact whether they challenged the amounts charged in plaintiff's invoices within a reasonable time. Defendants also denied that they acknowledged the amounts owing, and they disputed plaintiff's assertion that they made a partial payment toward the alleged balance at issue.

Finally, we reject plaintiff's related contention that it is entitled to judgment on the account stated cause of action pursuant to CPLR 3016 (f). That statute provides in relevant part that, where the plaintiff in an action involving the "performing of labor or services" sets forth "the items of his [or her] claim and the reasonable value or agreed price of each," the defendant, in his or her answer, must "indicate specifically those items he [or she] disputes." Plaintiff contends that it is entitled to judgment because defendants' answers set forth only general denials (*see Netguistics, Inc. v Coldwell Banker Prime Props., Inc.*, 23 AD3d 719, 720; *Millington v Tesar*, 89 AD2d 1037, 1037, *lv denied* 58 NY2d 601). Here, however, plaintiff's itemization of the charges fails to meet the specification standards of CPLR 3016 (f). Although plaintiff contends that defendants made a partial payment in the amount of $13,673.20 toward the amount due, plaintiff failed to specify to which of the invoice items defendants' payment was applied (*see Green v Harris Beach & Wilcox*, 202 AD2d 993, 994). As a result, "the [complaint] 'did not trigger a duty on the part of [defendants] to specifically dispute each item' " (*id.*).

In any event, "[w]hen a party's defense 'goes to the entirety of the parties' dealings rather than to the individual contents of the account, specific denials addressed to the account's items are not required' " (*id.*; *see Harbor Seafood v Quality Fish Co.*, 194 AD2d 713, 713; *see generally Epstein, Levinsohn, Bodine, Hurwitz & Weinstein, LLP v Shakedown Records, Ltd.*, 8 AD3d 34, 35-36). Here, defendants are not challenging specific items in the invoices; rather, they dispute the general scope and nature of the work performed by plaintiff and contend that they paid plaintiff's outstanding invoices as of June 2010. Thus, the failure of defendants to include specific denials of plaintiff's allegations in their answers is of no moment.

Entered:  June 14, 2013                    Frances E. Cafarell
                                           Clerk of the Court