■ STERLING NATIONAL BANK, Appellant, v DEETOWN ENTERTAINMENT, INC., Respondent. [10 NYS3d 14]—Order, Supreme Court, New York County (Ellen M. Coin, J.), entered June 19, 2014, which denied plaintiff's motion for summary judgment on its account stated cause of action, unanimously affirmed, without costs.

Plaintiff seeks summary judgment on an account stated claim based on its verified complaint alleging that an oral agreement was entered into between its assignor, Procare USA, LLC, and defendant Deetown, which acted through a fictional or nonexistent entity, Gramercy Medical Solutions. Although defendant's verified answer did not assert specific denials to any of the enumerated account items alleged in the complaint (CPLR 3016 [f]), summary judgment was properly denied because defendant denied each of the allegations concerning the existence of a business relationship between Deetown and Procare with respect to the unpaid items (*see Epstein, Levinsohn, Bodine, Hurwitz & Weinstein, LLP v Shakedown Records, Ltd.*, 8 AD3d 34 [1st Dept 2004]; *Green v Harris Beach & Wilcox*, 202 AD2d 993 [4th Dept 1994]). Further, while plaintiff submitted a copy of a federal tax form 1099 issued to Procare by Deetown, which indicates that a business relationship did exist between those parties for some transactions, that form, by itself, does not establish that Deetown also undertook responsibility for payment of invoices addressed by Procare to Gramercy Medical Solutions. Concur—Tom, J.P., Sweeny, Andrias, Moskowitz and Gische, JJ.