■ STEVEN L. KESSLER, Doing Business as LAW OFFICES OF STEVEN L. KESSLER, Appellant, v REGINA SURGENT, Respondent. [29 NYS3d 179]—

Order, Supreme Court, New York County (Joan A. Madden, J.), entered January 30, 2015, which, in an action seeking to recover attorneys' fees and expenses, denied plaintiff's motion for summary judgment, unanimously reversed, on the law, with costs, and the motion granted. The Clerk is directed to enter judgment in favor of plaintiff for the full amount of the invoices.

Plaintiff satisfied the requirements of CPLR 3016 (f) by setting forth a fully itemized list of unpaid charges. It was therefore incumbent on defendant to deny each specifically in her answer (*see O'Callaghan v Republic W. Ins. Co.*, 269 AD2d 114 [1st Dept 2000], *lv denied* 95 NY2d 758 [2000]). Instead, defendant relied solely on her defense that the retainer agreement was actually meant to be contingent on plaintiff making a successful fee application to the court, and that this was the only source of funds to which plaintiff would look for his fees. Where a defendant raises a defense that goes to the entire transaction, she need not make specific denial to the scheduled items (*see Green v Harris Beach & Wilcox*, 202 AD2d 993 [4th Dept 1994]). However, the defense asserted here fails as a matter of law.

The retainer agreement contained an integration clause and a clause barring modifications other than in writing. As such, defendant had to make her argument based on the text of the agreement, and she has not established an exception to that

rule (*see Schron v Troutman Sanders LLP*, 20 NY3d 430 [2013]; *Joseph P. Day Realty Corp. v Lawrence Assoc.*, 270 AD2d 140, 141 [1st Dept 2000]). The agreement unambiguously provides that defendant is liable to plaintiff for his hourly fees plus disbursements. Because the agreement is not ambiguous, it is not necessary to give any more favorable reading to defendant (*see Shaw v Manufacturers Hanover Trust Co.*, 68 NY2d 172, 177 [1986]). Accordingly, because defendant's general denial fails and she did not offer specific denials of the itemized charges, plaintiff is entitled to summary judgment (*see O'Callaghan* at 114). Concur—Sweeny, J.P., Acosta, Manzanet-Daniels, Gische and Gesmer, JJ.