Cohen Bros. Realty Corp. v Mapes (2020 NY Slip Op 01440)





Cohen Bros. Realty Corp. v Mapes


2020 NY Slip Op 01440


Decided on March 3, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 3, 2020

Acosta, P.J., Manzanet-Daniels, Kapnick, Oing, JJ.


655115/17 10737 10736

[*1] Cohen Brothers Realty Corp., et al., Plaintiffs-Appellants,
v
Ryan John Mapes, et al., Defendants, Italco Data & Electric Inc. also known as, Italco Data & Electric Co., Defendant-Respondent.
Cohen Brothers Realty Corp., et al., Plaintiffs-Appellants,
v
Ryan John Mapes, et al., Defendants, R & A Painting, Ltd., Defendant-Respondent.


Harwood Reiff LLC, New York (Donald A. Harwood of counsel), for appellants.
Stagg, Terenzi, Confusione & Wabnik, LLP, Garden City (Ronald M. Terenzi of counsel), for Italco Data & Electric Inc., respondent.
Cammarata & De Meyer P.C., Staten Island (Joseph M. Cammarata of counsel), for R & A Painting, Ltd., respondent.



Order, Supreme Court, New York County (Gerald Lebovits, J.), entered July 20, 2018, which granted defendant R & A Painting, Ltd.'s motion to dismiss the complaint as against it, unanimously reversed, on the law, without costs, and the motion denied. Judgment, same court and Justice, entered September 26, 2018, in favor of defendant Italco Data & Electric Inc. against all plaintiffs except Cohen Brothers Realty Corporation, unanimously reversed, on the law, without costs, the judgment vacated, and so much of Italco's motion as sought to dismiss the causes of action for fraud and unjust enrichment and sought summary judgment on its counterclaim for account stated denied.
Plaintiffs are a group of 13 affiliated entities that own commercial office buildings in and around New York City and their managing agent, plaintiff Cohen Brothers. As an adjunct to their real estate business, plaintiffs also regularly engaged in demolition and renovation, HVAC, painting, electrical, and other construction work in their buildings.
Beginning in March 2015, defendant Ryan John Mapes was Cohen Brothers' vice president and director of construction. Defendant R & A provided painting services; defendant Italco provided data and electrical services; and defendants D & K General Contractor Corp., City Maintenance Corp., and Millennium Star Electric, Inc. (collectively D & K) were affiliates that provided maintenance, construction, general contracting, and electrical contracting services.
Plaintiffs typically outsourced construction work on their buildings to contractors, using a sealed bid process, with purchase orders and other construction contract documents signed only [*2]by each entity's authorized signer.
At some point in 2016, Cohen Brothers' chief operating officer, Steven M. Cherniak, noticed a pattern emerging in which Mapes bypassed plaintiffs' established bid practices, instead awarding contracts to R & A, D & K, and Italco. Plaintiffs allege that Mapes was able to prevail upon two new administrators to open sealed bids so that he could then counsel his favored contractors on what it would take to win.
Growing increasingly suspicious, given Mapes's boasting about conspicuous spending that appeared to be beyond his means, in July 2017, Cherniak decided to investigate. Searching Mapes's desk drawer, Cherniak found a copy of a purchase order issued to R & A in the amount of $5,000. The signature of Charles S. Cohen, Cohen Brothers' president and CEO, was taped over the purchase order's signature block. Behind this doctored purchase order, Cherniak found eight photocopies of a legitimate purchase order issued to R & A in the amount of $13,500, which Cherniak determined was the original for the copied signature block.
Searching Cohen Brothers' files, Cherniak then located numerous purchase orders issued to D & K, Millennium, R & A, and Italco to which the bogus signature of Charles S. Cohen appeared to have been affixed.
Cherniak then proceeded to search Mapes's work emails, where he found an email dated May 22, 2017, from Mapes to Chase Bank, complaining about the bank's failure to quickly clear a large deposit. Mapes complained, "I have deposited $162,000 into this account in only 2 months since opening it and not only do I have a 12 day hold on a mere $31,500 check, I can't get anyone to override it."
Plaintiffs asserted eight numbered causes of action. The first four were asserted against Mapes, sounding in breach of his employment contract, breach of the duty of good faith and fair dealing, breach of fiduciary duty, and breach of the duty of loyalty. The fifth to eighth causes of action were asserted against all defendants.
In particular, in the fifth cause of action, plaintiffs alleged that defendants committed fraud by generating false, forged, or inflated purchase orders. In the process, defendants misrepresented the work that plaintiffs actually needed, the work that defendants actually performed, and how much such work would cost. It was alleged that the contractors shared with Mapes the monies that plaintiffs paid them. Plaintiffs alleged that they reasonably relied on the purchase orders so generated because of the trust they vested in Mapes as their director of construction.
The sixth cause of action alleged a civil conspiracy to commit fraud, in which the contractors submitted inflated bills, or bills for nonexistent work, and Mapes ensured that the bills were paid through his function as plaintiffs' construction director. The contractors then kicked back some portion of receipts to Mapes.
Finally, the seventh and eighth causes of action sounded in unjust enrichment and conversion.
In its answer, Italco asserted four counterclaims, sounding in breach of contract, account stated, unjust enrichment, and quantum meruit, alleging, in sum, that Italco had performed valid work for plaintiffs, had issued invoices to which plaintiffs never objected, and had not been fully paid. R & A served an answer, generally denying plaintiffs' allegations and asserting numerous affirmative defenses, including accord and satisfaction and lack of particularity.
Italco moved pursuant to CPLR 3013 and 3016(f) to dismiss the complaint for lack of particularity. Italco also moved for summary judgment on its counterclaims, including account stated, pursuant to CPLR 3016(f). R & A moved pursuant to CPLR 3013, 3016, and 3211(a)(7) to dismiss the complaint for failure to state a claim and lack of specificity.
To state a cause of action for fraud, a plaintiff must allege "a material misrepresentation of a fact, knowledge of its falsity, an intent to induce reliance, justifiable reliance by the plaintiff and damages" (Eurycleia Partners, LP v Seward & Kissel, LLP, 12 NY3d 553, 559 [2009]; Braddock v Braddock, 60 AD3d 86 [1st Dept 2009], appeal withdrawn 12 NY3d 780 [2009]). Such a claim must be pleaded with particularity (CPLR 3016[b]; Eurycleia, 12 NY3d at 559). "[A]ctual knowledge[, however,] need only be pleaded generally, [given], particularly at the prediscovery stage, that a plaintiff lacks access to the very discovery materials which would [*3]illuminate a defendant's state of mind" (Oster v Kirschner, 77 AD3d 51, 55-56 [1st Dept 2010]). As the Oster Court noted, "Participants in a fraud do not affirmatively declare to the world that they are engaged in the perpetration of a fraud"; rather, "intent to commit fraud is to be divined from surrounding circumstances" (id. at 55-56).
Here, we find that plaintiffs sufficiently pleaded fraud causes of action with the information available to them in a pre-discovery posture (see e.g. Houbigant, Inc. v Deloitte & Touche, 303 AD2d 92, 98-100 [1st Dept 2003]). They alleged the creation and presentation for payment to plaintiffs of false, forged or inflated purchase orders; that defendants "knew that the work described on the bogus purchase orders or invoices and other contract forms was either falsely stated, overcharged or not provided, and knew that Plaintiffs would rely on these falsified or doctored purchase orders to make unwarranted payments"; that plaintiffs "relied on these purchase orders, invoices and other contract forms in making unnecessary payments to . . . defendants" to their detriment; that such reliance was "justifiable" and "reasonable"; and that plaintiffs were damaged as a result of defendants' fraud. After discovery, plaintiffs can amplify their pleadings and defendants can renew their motions. But at this stage, plaintiffs should be allowed to probe defendants' knowledge of the alleged fraudulent scheme.
Plaintiffs also adequately pleaded civil conspiracy. Although New York does not recognize an independent cause of action for civil conspiracy, allegations of civil conspiracy are permitted "to connect the actions of separate defendants with an otherwise actionable tort" (Alexander & Alexander of N.Y. v Fritzen, 68 NY2d 968, 969 [1986]). To establish a claim of civil conspiracy, the plaintiff must demonstrate the primary tort, plus the following four elements: an agreement between two or more parties; an overt act in furtherance of the agreement; the parties' intentional participation in the furtherance of a plan or purpose; and resulting damage or injury (Abacus Fed. Savings Bank v Lim, 75 AD3d 472, 474 [1st Dept 2010]). Plaintiffs pleaded the underlying fraud against defendants Italco and R & A, as well as an agreement that "[d]efendants acted in concert and conspired to defraud [p]laintiffs' business." As a result, plaintiffs were damaged because they paid monies to the defendants "for non-existent, unnecessary, and/or overpriced construction and maintenance services."
On these facts, the motion court incorrectly dismissed the action and entered judgment in Italco's favor on its counterclaims, inasmuch as plaintiffs had not had a reasonable opportunity for disclosure prior to the making of the motion. Numerous fact issues were raised by plaintiffs' underlying papers that required further discovery, including previously noticed depositions of Italco and defendant Mapes, because the facts necessary to fully oppose Italco's summary judgment and dismissal motion were solely in Italco's possession.
As plaintiffs argue on appeal, further discovery was necessary to rebut defendant's motion to dismiss, including the production of construction documents, payments exchanged between the defendants and Mapes, and related email correspondence between defendants and in their sole possession, as well as the examination of each defendant, including Italco.
Plaintiffs also stated a cause of action for unjust enrichment by alleging that defendants "failed to perform a substantial portion of the work that they billed to the Plaintiffs" and thereby "obtained a benefit without adequately compensating Plaintiffs" (see Georgia Malone & Co., Inc. v Rieder, 19 NY3d 511, 516 [2012]). The claim was pleaded with the requisite particularity (see CPLR 3013; PF2 Sec. Evaluations, Inc. v Fillebeen, 171 AD3d 551, 552-553 [1st Dept 2019]).
The conversion claim was correctly dismissed because the complaint fails to identify the monies plaintiffs seek to have returned as "a specific, identifiable fund" (Amity Loans v Sterling Natl. Bank & Trust Co. of N.Y., 177 AD2d 277, 279 [1st Dept 1991] [internal quotation marks ommitted]).
With respect to Italco's motion for summary judgment on its counterclaim for account stated, plaintiffs' supported allegations that their employee charged with the issuance of construction purchase orders was corrupt and issued false or inflated purchase orders present issues of fact as to the reasonableness of plaintiffs' failure to contemporaneously object to defendants' invoices (see Legum v Ruthen, 211 AD2d 701, 703 [2d Dept 1995]; Bowne of N.Y. v International 800 Telecom Corp., 178 AD2d 138, 139 [1st Dept 1991]). Moreover, if plaintiffs are able to prove that the purchase orders were invalid, the account stated claim will fall (see [*4]Gurney, Becker & Bourne v Benderson Dev. Co., 47 NY2d 995 [1979]; DL Marble & Granite Inc. v Madison Park Owner, LLC, 105 AD3d 479 [1st Dept 2013]).
Contrary to Italco's contention based on CPLR 3016(f), plaintiffs were not required to provide specific denials to the account's items, because their defense to the counterclaim, that the purchase orders were invalid, "goes to the entirety of the parties' dealings rather than to the individual contents of the account" (Green v Harris Beach & Wilcox, 202 AD2d 993, 994 [4th Dept 1994] [internal quotation marks omitted]; see Kessler v Surgent, 139 AD3d 442 [1st Dept 2016], lv denied 27 NY3d 1189 [2016]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 3, 2020
CLERK