Cohen v Cohen (2022 NY Slip Op 05657)

Cohen v Cohen

2022 NY Slip Op 05657

Decided on October 11, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 11, 2022

Before: Gische, J.P., Kern, Gesmer, Rodriguez, Pitt, JJ. 

Index No. 304633/18 Appeal No. 16386 Case No. 2021-03389 

[*1]Matthew D. Cohen, Plaintiff-Appellant,
v
Cortney B. Cohen et al., Defendants-Respondents.

Elman Freiberg PLLC, New York (Howard I Elman of counsel), for appellant.
Advocate, LLP, New York (Jason A. Advocate of counsel), for Cortney B. Cohen, respondent.
Law Office of Peter M. Nissman, New York (Peter M. Nissman of counsel), for James Eichas, respondent.

Order, Supreme Court, New York County (Lori S. Sattler, J.), entered on or about August 18, 2021, which granted defendants' motions to dismiss the second through fifth causes of action as asserted against them, unanimously affirmed, without costs.
Plaintiff's fraudulent inducement claim was correctly dismissed, as he failed to plead justifiable reliance (see Eurycleia Partners, LP v Seward & Kissel, LLP, 12 NY3d 553, 559 [2009]). Plaintiff contends that he reasonably relied on the misrepresentations of his wife, defendant Cortney Cohen, that she was not having an extramarital affair with defendant James Eichas in reissuing the cooperative shares of his apartment from his sole name to the couple's joint name. However, the allegations that he had strongly suspected that his wife was having an affair with Eichas prior to reissuing the shares preclude a reasonable inference of justifiable reliance.
The claim for conspiracy to commit fraud was correctly dismissed absent an underlying claim for fraud (see Alexander & Alexander of N.Y. v Fritzen, 68 NY2d 968, 969 [1986]). Further, plaintiff failed to allege facts sufficient to give rise to an agreement between defendants to defraud plaintiff, or raise factual issues requiring further discovery to support the claim (see Cohen Bros. Realty Corp. v Mapes, 181 AD3d 401, 404-405 [1st Dept 2020]).
Plaintiff's breach of contract claim, premised on defendant wife's breach of a renunciation clause in the prenuptial agreement, was correctly dismissed, as it had been judicially determined that she raised a colorable claim for half ownership of the subject apartment under the gifting provisions of the agreement (see Cohen v Cohen, 191 AD3d 460 [1st Dept 2021]).
The unjust enrichment claim was correctly dismissed because the ongoing dispute over ownership of the subject apartment is governed by the prenuptial agreement (see Scarola Ellis LLP v Padeh, 116 AD3d 609, 611 [1st Dept 2014]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 11, 2022